GOVERNMENT OF THE VIRGIN ISLANDS, Appellee

v.

GREENIDGE, Rafael, Appellant

No. 78-1780

United States Court of Appeals

Third Circuit

Argued April 23, 1979

Filed June 22, 1979

JUDITH L. BOURNE, ESQ., Federal Public Defender, Christiansted, St. Croix, *for appellant*

MARK L. MILLIGAN, ESQ., Assistant U.S. Attorney (Office of the U.S. Attorney), Christiansted, St. Croix, V.I., *for appellee*

Before ROSENN, MARIS, and HUNTER, *Circuit Judges*

OPINION OF THE COURT

HUNTER, *Circuit Judge*

1. Rafael Greenidge appeals from his judgment of conviction. He was found guilty on all three Counts of an In-

formation. Of importance here, Count III charged him with assault on a companion of a rape victim with intent to commit rape on the victim, in violation of V.I. Code Ann. tit. 14, § 295(3) (1964). We affirm the convictions on Counts I and II. As to Count III, we believe that the Information and the jury instruction misinterpreted the applicable statute, and therefore, we reverse.

## I.

2. The facts are sharply contested. On appeal from jury verdicts of guilty, however, we must view the evidence in the light most favorable to the Government. Glasser v. United States, 315 U.S. 60, 80 (1942). The Government presented evidence from which a jury could believe that around midnight on February 12, 1978 Susan Deltufo, Joe Lekarzyk and Gene Tepe were walking beside a road in the direction of Fredericksted. Greenidge and two other occupants pulled along side them in a pickup truck. Greenidge allegedly jumped out of the truck, put a gun in Lekarzyk's side, and told Lekarzyk to "scat." The testimony discloses that Greenidge then grabbed Deltufo around the neck and forced her into the truck. Deltufo was driven some distance and was raped.

3. Greenidge was arraigned on March 15, 1978 on a three Count Information, the Counts charging Kidnapping (I), Rape (II), and Assault with Intent to Commit Rape (III). The jury found him guilty on all three Counts. He received the maximum sentence: twenty years imprisonment on Count I, twenty years on Count II, and fifteen years on Count III, the sentences to be served consecutively.

## II.

4. A number of issues have been raised on appeal.[1] We

---

[1] Greenidge also contends 1) that the trial judge erred in instructing the jury that the abduction, if proved, would corroborate the rape; 2) that the

focus, however, on Greenidge's contention that his conviction on Count III should be reversed. The Information charged: "On or about the 11th day of February, 1978, in the Virgin Islands of the United States, . . . Rafael Greenidge, while being aided and abetted by two (2) unnamed minor individuals, did, with the intent to commit rape, assault one Joseph Lekarzyk, in violation of Title 14 V.I.C., § 295(3)." In his charge to the jury, the district court judge explained Count III of the Information as follows:

> When I first saw that information I thought from the reading of it that it was an assault with intent to commit rape on Joseph Lekarzyk. It would seem that way when you read it but it does not mean that at all. It means that the defendant is charged with having assaulted Joseph while intending to commit rape on someone else and in this case upon Suzanne Deltufo.
>
> . . .
>
> Now, again, as I explained, not rape of the person assaulted but rape of someone who was either in the company of the person assaulted or was in the person's protection or was associated with the person assaulted to the point where the defendant thought he had to assault the person in order to accomplish the rape.

App. for Appellant at 44a, 45a–46a.

■ 5. Section 295(3) of V.I. Code Ann. tit. 14 (1964), Assault in the First Degree, provides: "Whoever— . . . with intent to commit rape . . . assaults another—shall be im-

---

trial judge's instructions that the jury was to disregard any evidence of racial prejudice in a witness were a misstatement of the law and substantially prejudiced the rights of the defendant; 3) that the verdict on Count II (the rape Count) is not supported by the evidence; 4) that the motion for a mistrial was erroneously denied since a) the prosecutor's summation was improper because of the argument of irrelevant facts which were highly prejudicial to the defendant, b) the prosecutor's summation was improper because of the argument of a theory not reasonably based on the evidence, and c) the prosecutor's summation was improper because based, at least in part, on evidence not properly admissible; 5) that the jury instructions with regard to the North Shore Road incident were erroneous in that they a) stated as a fact a matter which was in issue, b) misstated the defense position, and c) misstated the pertinent law; and 6) that the instructions as a whole were so prejudicial to the defendant's substantial rights that he was denied a fair trial. Brief For Appellant. We have reviewed the record and find no merit in these contentions.

prisoned not more than 15 years." Greenidge contends that the Information and the jury charge reflect an improper interpretation of the statute. His argument is that a necessary element of the crime of assault with intent to commit rape is that the assault have been committed on the same person whom the defendant intended to rape. Here, Greenidge was charged with assaulting Lekarzyk with intent to rape Deltufo.[2]

6. The only case we have uncovered which has directly ruled on this issue is United States v. Duhart, 496 F.2d 941 (9th Cir.), cert. denied, 419 U.S. 967 (1974). There, the defendant, then a prison inmate, took four women hostage. He ordered all four women to undress, striking two when they refused. He had forcible intercourse with only one. He was later convicted for, inter alia, assault on the other three women with intent to commit rape. The Government did not prove that he intended to rape any of the women other than the one he actually raped. The Ninth Circuit found that the instruction permitting the jury to convict for assault with intent to commit rape "whether the assault be upon the person of the female intended to be raped, or upon the person of some other individual" was in error. Id. at 944. The court held: "[T]o constitute the offense the assault must be upon the person intended to be raped . . . ." Id.

---

[2] Greenidge concedes that he did not object to the jury instruction. Rather, he urges that under a proper interpretation of the statute, the Government presented insufficient evidence to support the conviction. The case is more properly viewed, however, as one alleging a defective Information. Essentially, Greenidge is arguing that Count III of the Information, as written, fails to charge a crime.

Under Fed. R. Crim. P. 12(b)(2), objections to the Information on the ground that it fails to charge an offense "shall be noticed by the court at any time during the pendency of the proceedings." This objection may be raised for the first time on appeal. United States v. Beard, 414 F.2d 1014, 1017 (3d Cir. 1969); United States v. Manuszak, 234 F.2d 421, 423 (3d Cir. 1956). Moreover, it has been held that the court may raise the issue sua sponte. United States v. Purvis, 580 F.2d 853, 858 (5th Cir. 1978), cert. denied, 99 S.Ct. 1229 (1979).

7. The other cases and commentators which have discussed the crime of assault with intent to commit rape, while not addressing this issue specifically, have assumed that the assault must be committed on the person who was intended to be raped. In United States v. Bryant, 402 F.2d 1327 (D.C. Cir. 1969), the court listed the three elements of assault with intent to commit rape:

(1) that the defendant made an assault *upon the complainant;* and

(2) that he did so with specific intent to have intercourse *with the complainant;* and

(3) that he intended to achieve penetration of the complainant's sexual organs against her will and by using such force or threat of force as might be necessary to overcome resistance or make further resistance useless.

Id. at 1336 (emphasis supplied). Wharton's Criminal Law, as well, states: "It must appear . . . that the defendant intended to have carnal knowledge *of the female alleged to have been assaulted . . . .*" 1 Wharton's Criminal Law and Procedure, Rape and Related Offenses § 325, at 666 (1957) (emphasis supplied). See 65 Am. Jur. 2d Rape § 21, at 771–72 (1972); 75 C.J.S. Rape § 20(b), at 487 (1952) ("An assault with intent to rape is a factual assault on a female with the intent to have intercourse with her by force and against her will . . . .").

8. We also find support in those cases which have held that assault with intent to commit rape is a lesser included offense of the crime of rape. United States v. Stone, 472 F.2d 909, 915 (5th Cir. 1973); Delaney v. Gladden, 397 F.2d 17, 19 (9th Cir. 1968), cert. denied, 393 U.S. 1040 (1969); Godlock v. Ross, 259 F.Supp. 659, 662 (E.D. N.C. 1966). See 75 C.J.S. Rape § 20(b), at 487 (1952) ("Thus the crime is committed when every element of the crime of rape except the element of penetration is present; or, stated otherwise, an assault with intent to rape includes

159

every ingredient of the crime of rape except the actual accomplishment of that crime.") ; cf. United States v. Benn, 476 F.2d 1127, 1131–32 (D.C. Cir. 1972) (assault with deadly weapon merges into assault with intent to rape). Generally, an offense is a lesser included offense only if it is "impossible to commit the greater offense without first having committed [the lesser offense]." Government of the Virgin Islands v. Aquino, 6 V.I. 395, 421, 378 F.2d 540, 554 (3d Cir. 1967). See United States v. Gaddis, 424 U.S. 544 (1976) ; Blockburger v. United States, 284 U.S. 299, 304 (1932). If the crime of assault with intent to rape were made out even if the assault was against a third person, it would not be a lesser included offense of the greater crime of rape.

■ 9. In State v. Riley, 28 N.J. 188, 145 A.2d 601 (1958), defendant Riley was convicted at trial of both rape and assault with intent to commit rape. The victim and her male friend were sitting in a car in a secluded area. Riley and three others approached the car, beat the male friend, and dragged the victim to another car where Riley and another raped her. The New Jersey Supreme Court held that it was error for the trial judge to permit the jury to return verdicts of guilty against Riley on both rape and assault with intent to commit rape. It held: "The lesser crime of assault with intent to commit rape is necessarily a constituent element of the greater crime of rape, and the two merge when a conviction for the greater ensues." Id. at 195, 145 A.2d at 604–05. Since his conviction for atrocious assault and battery against the male friend was affirmed, the New Jersey court must have concluded that to constitute assault with intent to commit rape, the assault must be on the intended rape victim.

10. Moreover, our interpretation of section 295(3) does not mean that the defendant's conduct would go unpunished. Assault on one person with intent to rape another is

unlawful by virtue of section 297(1). It provides that assault with intent to commit a felony is assault in the third degree, carrying a maximum penalty of $500 plus five years imprisonment. V.I. Code Ann. tit. 14, § 297(1) (Supp. 1978).

## III.

11. The conviction on Count III will be reversed. The convictions on Counts I and II will be affirmed.