**GOVERNMENT OF the VIRGIN ISLANDS, Plaintiff-Appellee,**

**v.**

**Kitson JARVIS, Defendant-Appellant.**

No. 80–2647.

United States Court of Appeals, Third Circuit.

Argued April 28, 1981.

Decided June 30, 1981.

Ishmael A. Meyers, U. S. Atty., James A. Hurd, Jr., Asst. U. S. Atty., Melvin H. Evans (Argued), Asst. U. S. Atty., Christiansted, St. Croix, U. S. V. I., for plaintiff-appellee.

Edward J. Ocean (Argued), Christiansted, St. Croix, U. S. V. I., for defendant-appellant.

Before ADAMS, WEIS and GARTH, Circuit Judges.

## OPINION OF THE COURT

GARTH, Circuit Judge:

The appellant, Kitson Jarvis and his co-defendant Darryl Reviere were charged with burglary, robbery, assault, unauthorized use of a vehicle, and with possession of a firearm during the commission of a crime of violence. Jarvis was tried separately because Reviere was not arrested until two days before Jarvis's trial was scheduled to commence. All of the charges related to an early morning supermarket robbery allegedly committed by both defendants on April 5, 1980.

In September 1980, Jarvis was tried before a jury which returned verdicts of guilty on each of the fourteen counts of the Information. On October 8, 1980, Jarvis was sentenced to a total term of imprisonment of 20½ years based on consecutive sentences for five of the fourteen counts. The sentences on the other nine counts were concurrent to the various consecutive sentences. On Count IV, Jarvis was sentenced to five years imprisonment to be served concurrently with his five year sentence for Count II, which in turn was to run consecutively with his five year sentence on Count I.

On appeal, Jarvis raised three claims of error. First, he claimed that his arrest was not supported by probable cause. Second, that the verdict was not supported by sufficient evidence. Third, he maintained that there was not sufficient evidence to support his conviction for robbery as charged in Count IV of the Information.

We find no merit in Jarvis's first two contentions, but vacate his robbery conviction based on Count IV of the Information and remand the case for resentencing on Count IV.

I.

Kitson Jarvis was convicted after a jury trial in the district court of fourteen counts arising out of an early morning supermarket robbery on April 5, 1980. On that day, at about 6:00 a. m., two masked men entered the Pueblo Supermarket located at the Villa La Reine Shopping Center in St. Croix. After entering, the men bound the two night janitors at gun point and then awaited the arrival of the store manager. The manager and two employees arrived at about 6:50 a. m. and were promptly forced into the manager's office. Two employees who arrived later were also held in the manager's office. The intruders struck the manager and threatened to kill the four employees if the manager did not promptly open the store safe.

The two men removed about $13,000 from the safe after it was opened and also took money and personal belongings from store employees. One of the employees, Carlos Encarnacion, owned a red Plymouth Duster, which was parked in the supermarket parking lot, out of sight of the store employees. The intruders forced Encarnacion to give them the keys to the car and they then made their escape in Encarnacion's car.

About a half hour later, the car collided with a tree, 2½ miles from the Peublo Market. Two individuals were seen leaving the

car. While investigating the accident, a police officer who did not know of the supermarket hold-up detained two men who were walking near the accident scene. He recognized Darryl Reviere from a previous encounter. Jarvis later admitted that he, Jarvis, was the person accompanying Reviere during this encounter with the officer who was investigating the accident.

When a second police car arrived Jarvis and Reviere fled into the bush. One officer testified that after they were told to halt and a warning shot was fired, Reviere turned and fired on the pursuing policemen. Jarvis's fingerprints were found in Encarnacion's stolen car.

## II.

■ We find no merit in the first two contentions made by Jarvis on this appeal. As previously stated, Jarvis claims that he was arrested without probable cause. Our examination of the record reveals the contrary. The district court correctly ruled that Jarvis's warrantless arrest was supported by probable cause.

The district court recounted the evidence surrounding Jarvis's arrest and specifically found that the attendant circumstances created a reasonable inference that Jarvis was involved in the crimes with which he was later charged. *Carroll v. United States*, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925). As a result of a suppression hearing (Tr. 76–86) the district court found that it was undisputed that: two men were involved in the supermarket robbery; these men escaped in Encarnacion's car; within 30 minutes the car was found wrecked several miles from the scene; Jarvis was found by Officer McGras near the accident scene acting in a suspicious manner; shots were fired in a chase following the arrival of Officer Peterson. Given these circumstances, the court found Officer Perez had probable cause to arrest Jarvis. We have also reviewed the evidence adduced at the suppression hearing and these findings are not

clearly erroneous. *Government of the Virgin Islands v. Gereau*, 502 F.2d 914, 922 (3d Cir. 1974).

■ The record also reveals that with the exception of Count IV which we discuss *infra*, the evidence presented was ample to support the jury's verdict under the standard of *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942) which requires only that there be sufficient direct or circumstantial evidence to support the verdict viewing the evidence in the light most favorable to the government.

## III.

■ Jarvis's last contention is, however, well founded. The robbery statute which provides the basis for the charge against Jarvis reads as follows:

Robbery is the unlawful taking of personal property in the possession of another, from his *person* or *immediate presence* and against his will, by means of force or fear.

14 V.I.C. § 1861 (emphasis supplied).

A person is guilty of robbery in the first degree when, in the course of the commission of the crime or of immediate flight therefrom, he or another perpetrator of the crime:

\* \* \* \* \* \*

(2) Displays, uses or threatens the use of a dangerous weapon. . . .

14 V.I.C. § 1862(2).

If Count IV of the Information which was returned against Jarvis had been drawn in the terms of 14 V.I.C. §§ 1861 and 1862, Jarvis's argument would be far less compelling.[1] However, as we discuss, *infra*, the Information as drawn is far narrower than the statutory proscriptions.

It was uncontroverted that one of the two masked men had taken the keys to Encarnacion's car from Encarnacion's person and that the keys were used in stealing the car with its contents, including Encar-

---

1. The record available gives no indication that the Government attempted to amend the Information.

nacion's money. However, we need not reach the issue of whether Jarvis or Reviere "robbed" Encarnacion of his car and its contents because the Information was not drawn in those terms.

Count IV of the Information charged that Jarvis had:

> forcibly, unlawfully, and by means of fear by displaying and threatening the use of handguns, *take[n] money* possessed by Carlos A. Encarnacion from his person and against his will and in violation of Title 14 V.I.C. § 1862(2). (emphasis supplied)

It is undisputed that no money was taken directly from Encarnacion's person. The money that was taken was in Encarnacion's wallet which was found in Encarnacion's stolen car. Thus, the evidence of record does not support the charge made in the Information that Jarvis had unlawfully taken money from Encarnacion's person. Unquestionably, Jarvis could have been charged with having taken the keys—personal property—from the person of Encarnacion which led to the theft of the car. He was not. This being so, Jarvis's conviction for robbery on Count IV must be reversed.

In short, therefore, Jarvis was charged with robbery of money from the person, but the government proved no more than the unlawful taking of money from Encarnacion's wallet which was in Encarnacion's parked car. Any proof of robbery within the terms of the statute was limited to the robbery of keys from the person of Encarnacion.

### IV.

As contrasted with the Virgin Islands' robbery statute to which we have referred, the Virgin Islands' larceny statutes do not require that property be taken from *the person or the immediate presence* of a person against his will, by means of force or fear. Title 14 V.I.C. 1081 defines and classifies larceny as:

> (a) Larceny is the unlawful taking, stealing, carrying, leading, or driving away the personal property of another.

> (b) Larceny is divided into two degrees, grand larceny and petit larceny. Grand larceny, among other things, differs from petit larceny by the value of the property taken. If the property is valued at $100 or more, grand larceny may be charged. 14 V.I.C. § 1083.

Although neither Jarvis nor the government argued the effect of a reversal of Count IV, it is established that larceny is a lesser included offense of robbery, because larceny may be established by proof of less than all the facts required to establish the commission of the offense of robbery. *United States v. Belt*, 516 F.2d 873, 875 (8th Cir. 1975), *cert. denied*, 423 U.S. 1056, 96 S.Ct. 790, 46 L.Ed.2d 646 (1976); W. LaFave & A. Scott, *Handbook on Criminal Law*, § 94, at 694 n.2 (1972). *See United States v. Sansone*, 380 U.S. 343, 349, 350, 85 S.Ct. 1004, 1009, 1009–10, 13 L.Ed.2d 882 (1965), citing Fed.R.Crim.P. 31(c) ("The defendant may be found guilty of an offense necessarily included in the offense charged, . . ."). Thus, under our analysis, although Jarvis's conviction for robbery is flawed, his conviction under Count IV, as that count includes the lesser offense of larceny, does not suffer from the same deficiencies.

Here, we are obliged to vacate Jarvis's five year sentence on Count IV because as we have observed, the government did not prove the robbery charged. The undisputed proofs do establish that Encarnacion's keys, money and car were unlawfully taken or driven away, but as we have previously discussed, Encarnacion's money was not taken *from his person*, and Count IV only charged Jarvis with the unlawful taking of money. Therefore, the jury's conviction of Jarvis on Count IV may be sustained as to larceny even though it may not be sustained as to robbery for the reasons we have noted above.

### V.

Having determined that larceny is a lesser included offense and that the proofs only support a conviction for larceny, Jarvis was properly convicted of the offense of *petit* larceny.

Because the record does not disclose evidence of the amount of money unlawfully stolen from Encarnacion, Jarvis's conviction on Count IV must be limited to a conviction for petit larceny since in cases analytically similar to the two-level larceny statute at issue here, we have consistently held that where proof of value is absent, only the lesser penalty may be imposed. *Government of the Virgin Islands v. Graves*, 593 F.2d 223 (3d Cir. 1979); *United States v. Lancer*, 508 F.2d 719 (3d Cir. 1975).

The punishment for offenders who commit petit larceny is limited to a fine of not more than $200 or imprisonment for not more than 1 year, or both. 14 V.I.C. § 1084. Here, Jarvis had been sentenced to five years imprisonment on Count IV, albeit that sentence was to be served concurrently with other sentences. Because the maximum sentence of imprisonment to which Jarvis could be subject under Count IV was one year, the five year sentence imposed exceeded the maximum and was illegal. *See Government of the Virgin Islands v. Graves, supra,* at 229.

Thus, we hold that Jarvis must be resentenced on Count IV.

## VI.

With the exception of Count IV, we will affirm all counts under which Jarvis was convicted and the sentences imposed on those counts; we will vacate Jarvis's sentence imposed under Count IV and we will remand the case to the district court with the direction that Jarvis be resentenced on Count IV in a manner not inconsistent with this opinion.