**GOVERNMENT OF THE VIRGIN ISLANDS**

v.

**Elias PETERSEN, Jr., Appellant.**

**No. 81–1824.**

United States Court of Appeals, Third Circuit.

Argued April 27, 1982.

Decided July 20, 1982.

G. Luz A. James (argued), Christiansted, St. Croix, U. S. Virgin Islands, for appellant.

Ismael A. Meyers, U. S. Atty., Eric B. Marcy, Sp. Asst. U. S. Atty., Douglas L. Capdeville (argued), Asst. U. S. Atty., Christiansted, St. Croix, U. S. Virgin Islands, for appellee.

Before GARTH, ROSENN and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

In this appeal we are asked to review Petersen's convictions and sentences for first degree robbery, grand larceny, first degree assault and possession of an unlicensed firearm during the commission of a crime of violence. Petersen contends that the evidence was insufficient to support the jury's guilty verdict and urges us to reverse the judgments of conviction on all counts.[1] We decline to do so, and instead, consistent with our holding in *Government of the Virgin Islands v. Kenneth Brown,* 685 F.2d 834 (3d Cir. 1982),[2] we will reverse Petersen's conviction for grand larceny and remand Count II for a

---

1. Petersen was convicted and sentenced as follows: first degree robbery, in violation of V.I. Code Ann. tit. 14, § 1862(2) (Count I), ten years; grand larceny, in violation of V.I.Code Ann. tit. 14, § 1083(1) (Count II), five years to be served consecutively to Count I; first degree assault, in violation of V.I.Code Ann. tit. 14, § 295(3) (Counts IV, V and VI), two and one-half years on each count to be served concurrently with each other but consecutively to Counts I and II; and possession of an unlicensed firearm during the commission of a crime of violence, in violation of V.I.Code Ann. tit. 14, §§ 2253(a) and 2254 (Count VIII), two and one-half years to be served consecutively to all other counts. Counts III, VII and IX of the Information were merged into other counts and dismissed by the district court. Petersen's total sentence was for twenty consecutive years. *See* Amended Judgment and Commitment of May 21, 1981.

2. Government of the Virgin Islands v. Kenneth Brown involved Petersen's co-defendant, Kenneth Brown, and was argued before this court the same day as *Petersen.* Brown also appealed from his convictions and sentences for first degree robbery, grand larceny, first degree assault and possession of an unlicensed firearm during a crime of violence. The facts and findings set forth in *Brown* apply to *Petersen* and need not be repeated here.

new trial.[3] We will also vacate the judgments and sentences for first degree assault and remand Counts IV, V and VI to the district court to enter judgments of conviction for third degree assault and to resentence Petersen appropriately. On all other counts we will affirm.

**3.** We are aware that Petersen did not raise in his brief any question as to the correctness of the instructions on Count II or the sufficiency of evidence as to Counts IV–VI.

His sole contention was that there was insufficient evidence to link him to the crime. At oral argument he also adopted, though belatedly, arguments which had been asserted by counsel for Brown.

While this court generally will not consider matters not raised by an appellant in his brief, it is within our discretion "to do so to vindicate one of the most fundamental jurisprudential concerns, evenhandedness in the administration of justice. We believe that [in this unusual instance] the importance of evenhandedness in application of significant legal rulings "overrides the necessity of following . . ." the precept that generally precludes a court from reviewing errors which have not been raised in counsel's statement of issues for review. *Weaver v. Bowers*, 657 F.2d 1356, 1362 (3d Cir.

1981, *cert. denied*, —— U.S. ——, 102 U.S. 1435, 71 L.Ed.2d 653 (1982). *See also Cohen v. West Haven Board of Police Comm'rs*, 638 F.2d 496, 500 & n.6 (2d Cir. 1980). *Cf. Altman v. Altman*, 653 F.2d 755, 757–58 (3d Cir. 1981) (power of appeals court to hear arguments not raised before district court). In this case, Petersen's appeal was heard with Brown's appeal, and we have treated the issues in the two appeals in common. Having analyzed the contentions that Brown raises in connection with Counts II and IV–VI, and having concluded that the convictions on those counts were improper, we think it would be unfair not to give the benefit of our decision in *Brown* to Petersen. Petersen was charged with Brown in the same Information, was tried with Brown at the same trial, and in arguing the insufficiency of the evidence at the same appellate hearing as Brown, necessarily touched on the factual configurations underlying Counts II and IV–VI.