**GOVERNMENT OF VIRGIN ISLANDS,
ISLANDS,**

v.

**Kenneth BROWN, Appellant.**

**No. 81–1266.**

United States Court of Appeals,
Third Circuit.

Argued April 27, 1982.

Decided July 20, 1982.

R. Lolita d'Jones, Asst. Federal Defender (argued), Christiansted, St. Croix, V. I., for appellant.

Ismael A. Meyers, U. S. Atty., Eric B. Marcy, Sp. Asst. U. S. Atty., Douglas L. Capdeville, Asst. U. S. Atty. (argued), Christiansted, St. Croix, V. I., for appellee.

Before GARTH, ROSENN and HIGGIN-BOTHAM, Circuit Judges.

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

The appellant, Kenneth Brown, was convicted and sentenced for first degree robbery, grand larceny, first degree assault and possession of an unlicensed firearm during the commission of a crime of violence. From our review of the record Brown's appeal raises only two significant issues. First, whether Brown was properly convicted of grand larceny; and second, whether there was sufficient evidence to support his convictions for first degree assault. Because we find the district court's instructions to the jury on the grand larceny count (Count II) were deficient, we reverse Brown's conviction for grand larceny and remand Count II for a new trial. Further, because we find the evidence does not support his convictions for first degree assault (Counts IV, V and VI), we vacate the judgments and sentences for first degree assault and remand Counts IV, V and VI to the district court to enter judgments of conviction for third degree assault and to resentence Brown appropriately. On all other counts, we affirm.

I.

Brown and his co-defendants, Orville O'Reilly and Elias Petersen, were arrested July 23, 1980 for the armed robbery of the

F. W. Woolworth Store located in the Sunny Isle Shopping Center of St. Croix, Virgin Islands. In an Information filed July 30, 1980, all three men were charged as follows: robbery in the first degree, in violation of V.I.Code Ann. tit. 14, § 1862(2) (Count I); grand larceny, in violation of V.I.Code Ann. tit. 14, § 1083(1) (Count II); assault in the first degree, in violation of V.I.Code Ann. tit. 14, § 295(3) (Counts III, IV, V, VI and VII); possession of an unlicensed firearm during the commission of a crime of violence, in violation of V.I.Code Ann. tit. 14, §§ 2253(a) and 2254 (Count VIII); possession of an unlicensed firearm, in violation of V.I.Code Ann. tit. 14, § 2253(a) (Count IX).

The evidence adduced at trial showed that on July 23, 1980 at approximately 12:45 p. m., three men entered and robbed at gunpoint the F. W. Woolworth Store in the Sunny Isle Shopping Center of St. Croix, Virgin Islands. Wielding a sawed-off shotgun and a handgun, the men ordered the employees and customers in the store to lie face down on the floor while they foraged through the store's cash registers and safe. According to William Anderson, Associate Manager of the store, approximately $375.00 in cash and a check made out to F. W. Woolworth were taken from three of the cash registers. Anderson was also forced to hand over his own wallet, which he estimated contained approximately $63.00.[1]

Several employees and customers were physically assaulted during the robbery. Anderson and another employee, Yvonne Joseph, were both kicked. Two customers, Blondelle Roberts and Erva Benjamin, were variously pushed, kicked and struck. Anderson, however, was the only person in the store who had personal property taken.

Immediately following the robbery, three men were observed fleeing from the Woolworth store. Police officers pursued the men into the bush and fields to the rear of the store and shortly thereafter apprehended Brown and his co-defendants, Petersen and O'Reilly. In the search of the area which followed, the police recovered a black wallet containing $65.00, which Anderson subsequently identified as his, and $100.00 in loose cash. A further search produced a check for $11.50 and an additional $157.00 in loose cash. During the search of O'Reilly, $360.00 was recovered from his pants pocket.

Although witnesses were unable to positively identify any of the defendants, various items of clothing recovered from the area in which the defendants were found were identified by witnesses as those worn by the men who robbed the store. Also recovered from the area were a shotgun and handgun identified by witnesses as those used during the robbery.

At the close of a three-day jury trial which commenced on November 24, 1980, Brown and his co-defendants were convicted as charged on all counts.[2] Brown was initially sentenced on all counts, but the trial court, on its own motion, vacated its sentence of January 15, 1981 and in an Amended Judgment and Commitment of May 21, 1981, sentenced Brown to prison for the following terms: robbery first degree (Count I), 15 years; grand larceny (Count II), 7 years, to be served consecutively to Count I; assault first degree (Count IV), 5 years, to be served consecutively to Counts I and II; assault first degree (Count V), 5 years, to be served concurrently with Count IV; assault first degree (Count VI), 5 years, to be served concurrently with Count IV; possession of an unlicensed firearm during the commission of a crime of violence (Count VIII), 5 years, to be served consecutively to Counts I, II and IV.[3]

---

1. Anderson's wallet was in fact recovered by the Virgin Islands police containing $65.00. See text infra.

2. Petersen's conviction is on appeal before this court at No. 81–1824.

3. In the Amended Judgment and Commitment the trial court dismissed three counts against Brown: Count III, charging first degree assault on William Anderson, was merged into Count I; Count VII, charging first degree assault on Grace Joseph, an employee of Woolworth, was merged into Counts IV, V and VI; and Count

In all he was sentenced to 32 consecutive years in prison.

## II.

On appeal Brown raises a number of issues. We find merit, however, in only those assertions challenging his convictions for grand larceny and first degree assault.[4]

### A. Grand Larceny

Brown contends that his conviction on Count II must fall for two reasons. First, he contends that Count II should have been merged into Count I, the first degree robbery charge, because both counts were based upon the same transaction, the robbery of Anderson, and because larceny is a lesser-included offense of the crime of robbery. Appellant's Brief at 5–6. Second, he asserts that, even if Counts I and II arguably were based upon separate transactions, there is no way of knowing from the Information and the instructions given the jury whether the jury's verdict in Count II was properly based on only the larceny of money from Woolworth. Appellant's Supplemental Brief at 1–4. We agree with Brown that his conviction on Count II must be reversed.

Count II charged that:

On or about the 23rd day of July, 1980, in the Virgin Islands of the United States, Judicial Division of St. Croix, KENNETH BROWN, ELIAS PETERSEN and ORVILLE O'REILLY, while aiding and abetting each other, did unlawfully take, steal and carry away United States currency belonging to WILLIAM ANDERSON and WOOLWORTH DEPARTMENT STORE, a corporation, said currency having a value in excess of one

hundred dollars ($100.00), with intent to permanently deprive said owners thereof, in violation of Title 14 V.I.C., § 1083(1).

Information filed July 30, 1980, Appellant's Appendix at A–1.

The applicable statutory provisions on larceny are found at V.I.Code Ann. tit. 14, §§ 1081 and 1083 and provide as follows:

§ 1081. *Larceny defined and classified*

(a) Larceny is the unlawful taking, stealing, carrying, leading, or driving away the personal property of another.

§ 1083. *Grand larceny*

Whoever takes property—

(1) which is of $100 or more in value; or

(2) from the person of another—commits grand larceny and shall be imprisoned for not more than 10 years.

The trial court instructed the jury on Count II as follows:

In count two of the Information the defendants are charged with commission of the crime of Grand Larceny as defined in Virgin Islands Code Section 1083.

Our code makes it a crime for any person, who, with intent to do the same, unlawfully takes, steals or carries away the personal property of another.

Before you may convict a defendant of the crime of Grand Larceny, you must find each of the essential elements of the crime beyond a reasonable doubt:

(1) Defendant unlawfully took, stole or carried away the victim's property.

(2) Defendant had the specific intent to so take the property.

(3) Defendant had the specific intent to permanently deprive the owner of the property.

IX, charging possession of an unlicensed firearm, was merged into Count VIII.

4. Brown also asserts: (1) that the prosecution failed to establish a prima facie case against him; (2) that he was convicted without due process of law because the jury returned a guilty verdict despite the prosecution's failure to establish Brown's guilt beyond a reasonable doubt; (3) that the prosecution in deliberately overcharging Brown and improperly directing leading questions at prosecution witnesses was guilty of misconduct; (4) that the trial court should have dismissed, vacated or entered judgments of acquittal on the weapons count because it merged into the first degree robbery charge; and (5) that the trial court's instructions to the jury on circumstantial evidence, specific intent and flight after a crime constituted reversible error. After carefully reviewing the record, we find no merit in any of these assertions.

(4) The property was worth $100.00 or more.

(5) That the event occurred in the Judicial Division of St. Croix on or about the 23rd day of July, 1980.

Grand Larceny also requires proof of specific intent, as I have defined those terms to you. The Government must prove beyond a reasonable doubt that when a defendant unlawfully took, stole, or carried away the personal property of another, the taking was intended.

Supplemental Trial Transcript at 38–39.

■ The trial court's instructions sufficiently delineate for the jury the statutory elements necessary for conviction for grand larceny. However, a mere recitation of statutory elements is legally insufficient in this case because it is unclear from the Information as drawn and the trial court's instructions whether Count II is based upon the larceny of currency belonging to Anderson, Woolworth or both. The factual resolution of this issue was essential for proper conviction on Count II.

Count II ambiguously states that currency in excess of $100.00 "belonging to *WILLIAM ANDERSON and WOOLWORTH DEPARTMENT STORE*" was stolen by the defendants (emphasis added). It further states that the defendants unlawfully took the currency "with intent to permanently deprive said *owners* thereof..." (emphasis added). But Brown's conviction on Count II can stand only if based solely on the larceny of Woolworth's currency. The unlawful taking of Anderson's currency was encompassed in the first degree rob-

bery charge of Count I and its inclusion in Count II would render Count II vulnerable to dismissal under the common law "merger of lesser-included offenses" doctrine, which is now expressed as a constitutional prohibition against placing a defendant in jeopardy twice for the same offense.[5] *See United States v. DiFrancesco*, 449 U.S. 117, 129, 101 S.Ct. 426, 433, 66 L.Ed.2d 328 (1980); *Illinois v. Vitale*, 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1979). *See also* 1 Wharton's Criminal Law, § 54 (14th ed. 1978) at 280 and 300.

■ Larceny and the more serious crime of robbery both involve the unlawful taking of property belonging to another. Brown correctly asserts, and the Government concedes, that larceny, involving no element of force or fear, requires proof of less than all the facts necessary to prove the offense of robbery and thus is necessarily a lesser-included offense of the crime of robbery. *See Government of Virgin Islands v. Jarvis*, 653 F.2d 762, 765 (3d Cir. 1981); *United States v. Belt*, 516 F.2d 873, 875 (8th Cir. 1975), cert. denied, 423 U.S. 1056, 96 S.Ct. 790, 46 L.Ed.2d 646 (1976); *Walker v. United States*, 418 F.2d 1116, 1120 (D.C.Cir.1969). *See also Sansone v. United States*, 380 U.S. 343, 349, 350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965); 8A Moore's Federal Practice § 31.03[2] (1980). Therefore, in keeping with the constitutional prohibition against double jeopardy, any larceny conviction stemming from the taking of *Anderson's* money would necessarily have to merge into Count I, the first degree robbery charge.

In this case if proper instructions had been given to the jury, any potential merg-

---

5. Count I charged that:

On or about the 23rd day of July, 1980, in the Virgin Islands of the United States, Judicial Division of St. Croix, KENNETH BROWN, ELIAS PETERSEN and ORVILLE O'REILLY, while aiding and abetting each other, did unlawfully take United States currency from the immediate person and presence of WILLIAM ANDERSON, by means of force or fear by displaying or threatening to use a dangerous weapon, to-wit: A gun, in violation of Title 14 V.I.C., § 1862(2).

The statutory definitions of robbery and robbery in the first degree are at V.I.Code Ann.

tit. 14, §§ 1861 and 1862 and provide in part as follows:

§ 1861. *Robbery defined*

Robbery is the unlawful taking of personal property in the possession of another, from his person or immediate presence and against his will, by means of force of fear.

§ 1862. *Robbery in the first degree*

A person is guilty of robbery in the first degree when, in the course of the commission of the crime or of immediate flight therefrom, he or another perpetrator of the crime:

(2) Displays, uses or threatens the use of a dangerous weapon.

er problem with Counts I and II would have been eliminated. Brown's contention that Count II should have been merged into Count I ignores the fact that Count II also embraced the grand larceny charge growing out of the defendants' unlawful taking of Woolworth's currency. However unclear the Information may have been about whether Count II included the taking of Anderson's money, had the jury been properly instructed that it could find the defendants guilty of grand larceny *only* if its finding rested on the taking of $100.00 in value from Woolworth, the possible merger of Counts I and II would not be at issue.

The government contends that there is not only no merger problem, but also that there is ample evidence available in the record for adequately differentiating the property taken in Count I from that taken in Count II. Furthermore, it asserts that the jury could properly convict Brown on Counts I and II because the two counts alleged two separate and distinct transactions: the robbery of Anderson, during which his wallet containing $65.00 was taken, and the grand larceny of currency belonging to Woolworth, which was valued in excess of $100.00 and was in the custody of Anderson. Government's Supplemental Brief at 6–7. The government argues that there is sufficient evidence in the record to satisfy the statutory prerequisites for conviction on both the first degree robbery and grand larceny counts. Testimony from witnesses, including Anderson and the Virgin Islands police, established that Anderson's wallet containing $65.00 and at least $375.00 in currency from the Woolworth cash registers were taken during the robbery.

▪ Our concern, however, is not with the sufficiency of the evidence, but with the ambiguity of the Information and the trial court's failure to clarify for the jury the ambiguity specifically inherent in Count II. Regardless of the evidence in the record

documenting what was taken from Woolworth and what was taken from Anderson, the jury should have been instructed that Count II must rest on a finding that property worth more than $100.00 was taken from Woolworth alone. The evidence in the record cannot cure this deficiency in the jury instructions.

The government argues, however, that in view of the evidence, Count II can be interpreted to mean "the larceny of U. S. currency belonging to Woolworth and in the custody of William Anderson...." Government's Supplemental Brief at 6. This is a strained interpretation which is not compelled by a literal reading of Count II. We could safely assume that the jury's verdict reflected such an interpretation only if the charge to the jury had addressed the need for an additional finding on whose currency was taken. Instead we are left to speculate that the jury, despite not having been instructed to do so by the court, differentiated Anderson's currency from that of Woolworth and predicated its conviction in Count II on the larceny of only Woolworth's money. When a defendant's conviction and subsequent loss of liberty are at issue such speculation is impermissible.

▪ The omission of an essential element of an offense in the charge to the jury ordinarily constitutes plain error, even in the absence of objection. *United States v. Small*, 472 F.2d 818, 819 (3d Cir. 1972); *Byrd v. United States*, 342 F.2d 939, 942 (D.C.Cir.1965). *See also,* Devitt and Blackmar, 1 FEDERAL JURY PRACTICE AND INSTRUCTIONS § 13.04 (3d ed. 1977) at 348. Similarly, where, as here, counsel has made timely objection as required by Rule 30,[6] (Supplemental Trial Transcript at 5–8), it is reversible error for the trial court to omit instructions on essential fact findings. The trial court's failure to instruct the jury on both the essential statutory elements and the essential factual findings necessary for conviction precludes a determination

6. Rule 30 of the Federal Rules of Criminal Procedure provides in pertinent part that: "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

that Brown's conviction on Count II was properly based on the larceny of Woolworth's currency only. Because of this infirmity we reverse Brown's grand larceny conviction and remand Count II for a new trial.[7]

## B. *First Degree Assault*

Brown and his co-defendants were convicted on Counts IV, V and VI for first degree assault on Blondelle Roberts, Yvonne Joseph and Erva Benjamin.[8] Brown argues that the assault charges should have been merged into the robbery charge and that the trial court erred in failing to dismiss, vacate or enter judgments of acquittal on those counts. We agree that the first degree assault convictions must be vacated but for a different reason.

The statutory provision which the defendants were charged with violating, V.I.Code Ann. tit. 14, § 295(3), defines first degree assault in part as follows:

§ 295. Assault in the first degree

Whoever—

(3) with intent to commit rape, sodomy, mayhem, robbery or larceny, assaults another—shall be imprisoned not more than 15 years.

In its charge to the jury the trial court gave instructions on first degree assault and the lesser-included offenses of third-degree assault and simple assault. The jury instructions specifically provided that:

The defendants are charged in counts three through seven with having committed the crime of *Assault in the First Degree.*

\*       \*       \*       \*       \*       \*

[B]efore you may find a defendant guilty of the crime of Assault in the First Degree, you must find each of the following essential elements of the crime to have been proven beyond a reasonable doubt:

(A) The defendant acted willfully;

(B) The defendant threatened to cause bodily harm to another;

(C) The defendant had the then apparent ability to cause or did, in fact, cause bodily harm;

(D) The defendant's conduct resulted in the other person being put in fear of immediate bodily harm;

(E) The defendant had the specific intent to commit robbery; and

(F) The act occurred on or about the 23rd day of July, 1980, in the Judicial Division of St. Croix.

The Government bears the burden of proving each of these elements separately as to each of the counts numbered three through seven.

Assault in the First Degree also requires proof of specific intent, as I have defined those terms to you. The Government must prove beyond a reasonable doubt that when the defendant committed an assault he had the specific intent to commit robbery.

If you find beyond a reasonable doubt that all of the elements of the crime of Assault in the First Degree have been proved except that when the defendant committed an assault he did not have the specific intent to commit robbery, then you may find the defendant guilty of a separate but lesser offense of Assault in the Third Degree.

If you find beyond a reasonable doubt that all of the elements of the crime of

---

7. Counsel on each side have made substantial efforts to clarify an ambiguity which could have been easily avoided by more careful draftsmanship. Had Count II of the Information been drawn with reference to only the larceny of Woolworth's currency, rather than that of Anderson and Woolworth, there would have been no problem of ambiguity. Such specificity would have precluded a possible merger problem and made it unnecessary for the court to give special instructions to the jury to unravel factual issues caused by the present

Count II. If the United States Attorney wanted to cover all possible factual situations he should have had the following separate counts in the Information: a count for robbery of Anderson; a count for robbery of Woolworth; a count for larceny of Anderson; and a count for larceny of Woolworth.

8. Counts III and VII, charging first degree assault on William Anderson and Grace Joseph were dismissed. *See supra* n.2.

Assault in the First Degree have been proved except that when the defendant committed an assault he did not have the specific intent to commit robbery and he did not utilize a weapon, then you may find the defendant guilty of the separate but lesser offense of Simple Assault.

Supplemental Transcript at 39–42.

We conclude that the trial court's instructions on the first degree assault counts are not in keeping with the teachings of this court in *Government of Virgin Islands v. Greenidge*, 600 F.2d 437 (3d Cir. 1979). Brown and his co-defendants were charged with assault on Roberts, Y. Joseph, and Benjamin, "with intent to commit the crime of robbery," in violation of V.I.Code Ann. tit. 14, § 295(3). In *Greenidge*, the defendant was convicted for assault on a *companion* of a rape victim with intent to commit rape (on the victim) in violation of V.I.Code Ann. tit. 14, § 295(3). In reversing his conviction, this court upheld the defendant's assertion "that a necessary element of the crime of assault with intent to commit rape is that the assault have been committed on the *same person* whom the victim intended to rape." Id. at 439 (emphasis added).

■ In keeping with *Greenidge*, Brown's convictions for first degree assault on Roberts, Y. Joseph and Benjamin, with intent to commit robbery can be sustained only if the evidence showed beyond a reasonable doubt that the defendants not only assaulted their victims but intended to commit robbery on each of them specifically. The jury should have been instructed that in addition to the other essential elements, the government had to prove beyond a reasonable doubt that the defendants intended to rob the particular victim on whom the assault was perpetrated. Instead, the trial court instructed the jury that for first degree assault it must merely find that the defendants "had the specific intent to commit robbery," without noting that the intent to rob, in order to meet the specificity of *Greenidge*, had to be directed towards the victim of the assault.

■ In our review of the record we found ample evidence supporting Brown's

conviction for the first degree robbery of Anderson. But we found little evidence from which a jury could conclude, beyond a reasonable doubt, that the defendants intended to rob either Roberts, Y. Joseph or Benjamin. Testimony from each of the assault victims clearly established that they were physically assaulted, but there is no indication from any of them that they believed they personally were about to be robbed or that the defendants made any efforts to do so. *See* Trial Transcript at 30–37, 42–46, 153–156.

■ Our finding that there is insufficient evidence to support Brown's convictions for first degree assault, however, does not require the dismissal of Counts IV, V and VI. The jury was instructed that if the evidence did not support convictions for first degree assault, it might convict the defendants for the lesser-included offense of third degree assault or simple assault. We believe the evidence supports Brown's conviction for third degree assault.

The Virgin Islands Code provides that conviction for third degree assault is warranted when "[a person], under circumstances not amounting to an assault in the first or second degree ... assaults another person with intent to commit a felony." V.I.Code Ann. tit. 14, § 297(1). When the defendants assaulted Roberts, Y. Joseph and Benjamin, "with the specific intent of committing a robbery," they fell within the proscription of § 297(1), which requires no element of identification. *See, Government of Virgin Islands v. Greenidge* at 440. Under *Government of Virgin Islands v. Josiah*, 641 F.2d 1103 (3d Cir. 1981), Brown's conviction for third degree assault, in violation of V.I.Code Ann. tit. 14, § 297(1), is appropriate and permissible even if his conviction for first degree assault under V.I.Code Ann. tit. 14, § 295(3) cannot be sustained.

In *Josiah*, this court said:

A Jury's finding of guilt on all elements of the greater offense is necessarily a finding of guilt on all elements of the lesser offense, since a lesser-included offense consists of some of the elements of

the greater offense and does not require the proof of any element not present in the greater offense. *See United States v. Swiderski,* 548 F.2d 445, 452 (2d Cir. 1977). A trial court therefore has authority to enter a judgment of conviction on a lesser-included offense when it finds that an element exclusive to the greater offense is not supported by evidence sufficient to sustain the jury's finding of guilt on the greater offense. *See United States v. Ciongoli,* 358 F.2d 439, 441 (3d Cir. 1966) (insufficient evidence supporting aggravating circumstances).

When the evidence is insufficient to support the greater offense, but sufficient to support a conviction on the lesser-included offense, an appellate court may vacate the sentence and remand for entry of judgment of conviction and re-sentencing under the lesser-included offense. *See United States v. LaMartina,* 584 F.2d 764, 767 (6th Cir. 1978) (per curiam), *cert. denied,* 440 U.S. 928, 99 S.Ct. 1263, 59 L.Ed.2d 483 (1979); *Austin v. United States,* 382 F.2d 129, 142 (D.C. Cir.1967); 28 U.S.C. § 2106 (1976). *Id.* at 1108. *See also* 8A Moore's Federal Practice, § 31.03[5] (1980).

In view of the above, we vacate Brown's convictions and sentences for first degree assault, in violation of V.I.Code Ann. tit. 14, § 295(3), and remand Counts IV, V and VI to the district court to enter judgments of conviction for the lesser-included offense of third-degree assault, in violation of V.I. Code Ann. tit. 14, § 297(1), and to re-sentence him appropriately.

### III.

For the reasons stated we will reverse Brown's conviction for grand larceny, in violation of V.I.Code Ann. tit. 14, § 1083(1), and remand Count II to the district court for a new trial. We will vacate the judgments and sentences for first-degree assault, in violation of V.I.Code Ann. tit. 14, § 295(3), and remand Counts IV, V and VI to the district court for entry of judgments of conviction for the lesser-included offense of third degree assault, in violation of V.I.

Code Ann. tit. 14, § 297(1), and re-sentencing appropriately. On all other counts, we will affirm.