GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff-Appellee

v.

CHARLES, Winston, Defendant-Appellant

No. 78-1337

United States Court of Appeals

Third Circuit

Argued December 11, 1978

Filed January 3, 1979

---

JUDITH L. BOURNE, ESQ., Office of the Federal Public Defender, Christiansted, St. Croix, V.I., *for appellant*

ROBERT S. TIGNOR, ESQ., Assistant U.S. Attorney, Christiansted, St. Croix, V.I., *for appellee*

Before SEITZ, *Chief Judge*, WEIS and GARTH, *Circuit Judges*

PER CURIAM:

The defendant Winston Charles was charged under the Virgin Islands Criminal Code with attacking one Gilberto Gonzalez with a machete. The original information contained three counts. Count I charged Charles with assault with intent to murder. Count II charged him with two types of third degree assault. Count III charged Charles with the possession of a dangerous weapon during the commission of a crime of violence. Because Count III charged that Charles' assault on Gonzalez took place "during the commission of a crime of violence," it brought into play the "enhanced sentencing" provisions of 14 V.I.C. § 2251(a)(2)(B) and § 2254, which require that the defendant, if convicted, be incarcerated for no less than one half the maximum possible sentence.

At trial the information was amended. A portion of Count II was deleted. The portion deleted was the charge under 14 V.I.C. § 297(2) involving the crime of assaulting another with a deadly weapon (a machete). The balance of Count II which charged only an assault which inflicts serious bodily injury (14 V.I.C. § 297(4)), remained in the information. Hence Charles stood trial on three counts. He was acquitted on Count I (assault with intent to murder), but was convicted on Count II as modified (assault which inflicts serious bodily injury, 14 V.I.C. § 297(4)) and on Count III as originally drawn (possession of a dangerous weapon during the commission of a crime of violence, 14 V.I.C. § 2251(a)(2)(B)).

Charles was sentenced to concurrent three year sentences on Counts II and III. However, because Count III, as indicated, charged a violation of 14 V.I.C. § 2251, the enhanced sentencing provision of section 2254 applied, and the district court ordered that Charles serve no less than two and one half years in prison, stating that "[t]wo and

one-half (2½) years of the term imposed for Count III shall not be subject to any suspension, probation, parole or any form of release."[1]

Charles appealed, attacking his conviction on the following grounds:

I It was error for the trial judge to prohibit the introduction of evidence pertaining to threats against the defendant's life made by close associates of the alleged victim;

II It was error for the trial judge to refuse to charge that the appearance of the alleged victim could be considered as evidence of whether the defendant had inflicted serious bodily injury;

III The trial judge's comments, during his instructions to the jury, concerning the evidence of a relationship between the alleged victim and Papo, constituted error and were prejudicial to the defendant;

IV It was error for the trial judge to refuse to instruct the jury with regard to the intent required in Count III;

V The jury's verdict as to Count III is improper as not consistent with the Information or the underlying statute, or as reached without proper instructions on the law.

After reviewing the entire record, we are satisfied that the aforesaid errors asserted by Charles, all of which seek a reversal of his convictions, have no merit. However, while we are persuaded that Charles' convictions must be affirmed, we are not persuaded that Charles was properly sentenced. Having raised and analyzed the issue of Charles' sentence with counsel at oral argument, we are now convinced that the sentence imposed on Count III must

---

[1] If section 2254 was not applicable, in normal course, Charles would have been eligible for parole after serving no more than one year of his sentence. 14 V.I.C. § 4601 (Supp. 1976).

55

be vacated and that the district court must resentence Charles on that count in accordance with our discussion below.

## I

 Count III which charged Charles with possession of a dangerous weapon *during the commission of a crime of violence,* asserted violations of 14 V.I.C. § 2251 and § 2254. Section 2251 provides in pertinent part:

"(a) Whoever— . . .
(2) with intent to use the same unlawfully . . . possesses . . . any . . . dangerous . . . weapon shall—
(A) be fined not more than $1,000 or imprisoned not more than two (2) years, or both; or
(B) if he . . . possesses, . . . any such weapon during the commission . . . of a crime of violence . . . shall be fined not more than $2,000 or imprisoned not more than five (5) years, or both, which penalty shall be in addition to the penalty provided for the commission of . . . the crime of violence."

Section 2254 provides in pertinent part:

"A person convicted . . . pursuant to section 2251 . . . of . . . possessing . . . a . . . dangerous weapon . . . during the commission . . . of a *crime of violence, shall be incarcerated for a term of imprisonment of not less than one-half of the maximum sentence specified in the particular section. Imposition or execution of this minimum period of incarceration shall not be suspended, nor shall probation be granted; neither shall parole or any other form of release be granted for this minimum period of incarceration."* (Emphasis supplied.)

In the context of an "assault", a crime of violence, as that term is used in § 2251 and § 2254, is defined in 23 V.I.C. § 451(e) as:

" 'Crime of Violence' means any of the following crimes . . . assault in the first degree, assault with or by means of a deadly or dangerous weapon, assault to do great bodily harm."

It is evident to us that when the original information was amended to delete the "deadly weapon" component (14

V.I.C. § 297(2)) from Count II, no thought was given to the effect that that deletion would have on the charges contained in Count III. Accordingly, when Charles was convicted of Count II, he was convicted of a crime which is not a "crime of violence" within the meaning of § 451(e).[2]

■ As defined in 23 V.I.C. § 451(e) a "crime of violence" includes as "assault to do great bodily harm", which we construe as requiring that the assault be made *with the intent* to do great bodily harm. As previously noted in Count II, Charles was charged with, and convicted of, violating 14 V.I.C. § 297(4) which punishes anyone who "assaults another and inflicts serious bodily injury upon the person assaulted". This offense, however, does not require that the assailant *intend* to inflict serious bodily injury.[3] It is sufficient for conviction of this offense if the serious bodily injury *results in or follows from* the assault. Thus, a charge and conviction pursuant to § 297(4), as contrasted with § 297(2), not constituting a "crime of violence" cannot support a sentence which is predicated upon a crime of violence having been committed. Consequently, Charles, not having been convicted of a statutory crime of violence under Count II, cannot receive an enhanced sentence under Count III.

■■ Having determined that Charles was not convicted in Count II of any "crime of violence", his conviction in Count III under section 2251(a)(2) could only involve subsection (A) rather than subsection (B) which requires the commission of a crime of violence. Therefore Charles could only be subject to the sentence prescribed in

---

[2] Had the indictment remained in its original form, a conviction under 14 V.I.C. § 297(2) would have supported the sentence which was ultimately imposed by the district court. After the information was amended, this could not be the case.

[3] In contrast, it should be noted that the third degree assault offense contained in 14 V.I.C. § 297(3), assault "with premeditated design and by use of means calculated to inflict great bodily harm," approximates more closely the definition of a statutory crime of violence contained in 23 V.I.C. § 451(e). Defendant, however, was not charged under 14 V.I.C. § 297(3).

subsection (A)—a sentence limited to a fine of not more than $1,000 or imprisonment for not more than two years, or both. Recognizing that no sentence can now be imposed which may exceed the three year sentence originally decreed,[4] it is clear that on remand for resentencing on Count III, Charles' sentence under 14 V.I.C. § 2251(a)(2)(A) may be no greater than a two year sentence which will run concurrent to the sentence imposed on Count II. Moreover since Charles committed no crime of violence, within the purview of sections 451(e) and 2254, the enhanced sentence under section 2254 requiring mandatory incarceration may not be imposed.

## II

We will therefore affirm so much of the judgment of sentence which pertains to Charles' convictions under Counts II (involving a violation of 14 V.I.C. § 297(4)) and III (involving a violation of 14 V.I.C. § 2251(a)(2)(A)). We will vacate the sentence imposed on Charles under Count III and we will remand to the district court for resentencing on that Count. In resentencing Charles on Count III, we direct that no enhanced sentence under 14 V.I.C. § 2254 may be imposed, and that the new sentence to be imposed pursuant to 2251(a)(2)(A) may not exceed a two year term which will be concurrent with the three year term previously imposed by the district court under Count II.

---

[4] See, Ex parte Lange, 85 U.S. 163 (1873)