**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**CAMILLE SEALEY, Defendant**

Criminal No. 80-156

District Court of the Virgin Islands

Div. of St. Croix

April 10, 1981

Melvin H. Evans, Jr., Esq., Assistant United States Attorney (Office of the United States Attorney), Christiansted, St. Croix, V.I., *for plaintiff*

Douglas Brady, Esq., Christiansted, St. Croix, V.I., *for defendant*

BRODERICK, *Judge*

## MEMORANDUM

On March 11, 1981, a jury found the defendant Camille Sealey "not guilty" on Counts I, II and III and "guilty" on Counts IV and V of a five count information. The defendant filed a post-trial motion which he entitled "Motion for Judgment of Acquittal" in which he moved for a judgment of acquittal on Count IV which charged possession of an unlicensed firearm during the commission of a crime of violence, or in the alternative he requests sentencing on Count IV of the lesser offense of possession of an unlicensed firearm, 14 V.I.C. § 2253(a). Defendant argues that it was inconsistent for the jury to convict him on Count IV, in light of the fact that the jury acquitted him of the accompanying charges of assault (Counts I, II and III) which had been brought against him. This Court finds that the jury verdict was not inconsistent, but on other grounds will grant the alternative relief requested by entering judgment on the lesser-included offense of simple possession of an unlicensed firearm (14 V.I.C. § 2253(a)).

█ The acquittal of the defendant on the assault counts did not preclude the jury from finding that the possession of the gun was "during the commission of a crime of violence." "Crime of violence" for the purposes of 14 V.I.C. § 2253(a) is defined in 23 V.I.C. § 451(e), and includes first degree assault and assault with a deadly or dangerous weapon as crimes of violence. Evidence was presented to the jury in this case concerning an altercation in a bar during which the defendant obtained a gun which he fired at a Mr. Torres, the person with whom he had been fighting. Two bystanders were hit by stray bullets. In the confusion after the shooting, the defendant represented himself to a police officer as being a fellow police officer, when in truth he was not.

427

The defendant was charged with:

Count I: Assault with intent to murder William Torres, 14 V.I.C. § 295(1).

Count II: Assault of Rosa Gonzalez with a deadly weapon, 14 V.I.C. § 297(2).

Count III: Assault of Celestino Santiago with a deadly weapon, 14 V.I.C. § 297(2).

Count IV: Possession of an unlicensed firearm during the commission of a crime of violence, 14 V.I.C. § 2253(a).

Count V: Impersonation of a law enforcement officer, 14 V.I.C. § 741.

Although the jury found him "not guilty" on Counts I, II and III (the assault charges), they could nevertheless, on the evidence presented to them, have found that the defendant possessed an unlicensed firearm during the commission of a crime of violence. The evidence would sustain a finding by the jury that although the defendant did not have the intent required for a conviction on Count I, i.e. "intent to murder William Torres", the defendant did nevertheless possess the unlicensed firearm during the commission of a crime of violence such as assaulting Torres with a deadly weapon.

■ Jury verdicts in criminal cases need not be internally consistent among counts of an indictment or information. See Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1932), United States v. Continental Group, Inc., 603 F.2d 444 (3rd Cir. 1979), United States v. Vastine, 363 F.2d 853 (3rd Cir. 1966). Defendant at one point in his motion states that this case does represent the type of "factual inconsistency" in verdicts which are upheld by the Courts. His argument seems to be that since no lesser-included offense was charged, and the defendant was acquitted on all assault charges, that the jury actually meant to convict on simple possession of an unlicensed firearm. Although defendant entitles his motion a judgment of acquittal, the relief requested is sentencing on the lesser-included offense of simple possession of an unlicensed firearm.

There was sufficient evidence for the jury to find the defendant guilty on Count IV, an although the jury acquitted defendant on the assault counts, this verdict will not be overturned.

Defendant points out correctly, however, that the Court refused his request for a lesser-included offense instruction on Count IV.

■ Where a defendant requests a jury instruction on a lesser-included offense that is justified by the evidence presented in the

428

case, it is error for the Court not to give such an instruction. See Rule 31(c) Fed. R. Crim. P., Government of the Virgin Islands v. Carmona, 422 F.2d 95, 100 (3rd Cir. 1970); Sansone v. United States, 380 U.S. 343, 349, 85 S.Ct. 1004, 13 L.Ed. 882 (1965); Berra v. United States, 351 U.S. 131, 134, 76 S.Ct. 685, 100 L.Ed. 1013 (1956). Carmona notes two conditions necessary to trigger the requirement of the lesser-included offense charge under Rule 31(c): one, the lesser-included offense must be comprised solely of some but not all the elements of the greater offense, and two, there must be a genuine conflict of evidence as to an element not shared by the lesser offense. Simple possession of an unlicensed firearm has all the elements of Count IV, except the element of "during the commission of a crime of violence." The genuinely contested issue was whether there was a crime of violence here.

Section 2253(a) of Title 14 provides as follows:

(a) Whoever, unless otherwise authorized by law, has, possesses, bears, transports or carries either openly or concealed on or about his person, or under his control in any vehicle of any description any firearm, as defined in Title 23, section 451(d) of this Code, loaded or unloaded, may be arrested without a warrant, and shall be fined not more than $1,000 or imprisoned not more than 2 years, or both, except that if such person shall have been convicted of a felony, or if such firearm or an imitation thereof was had, possessed, borne, transported or carried by or under the proximate control of such person during the commission or attempted commission of a crime of violence, as defined in subsection (d) hereof, then such person shall be fined not more than $2,000 or imprisoned not more than 5 years, or both. The foregoing applicable penalties provided for violation of this section shall be in addition to the penalty provided for the commission of, or attempt to commit, the crime of violence.

Although the Third Circuit in Government of the Virgin Islands v. Castillo, 550 F.2d 850 (1977) has held that the above-quoted statute did not make "possession" and "possession by a convicted felon" two separate crimes, the court did state, however, in footnote 5, p. 853:

Also following the basic description of the crime of possession in § 2253(a) is a clause providing heavier penalties for one who uses or carries an unregistered firearm during the commission or attempted commission of a crime of violence. This clause might well be held—although we need not now so hold—to create a separate offense by adding the additional element of

possession during the commission or attempted commission of a crime of violence.

It would appear therefore that it "might well be held" that this court should have instructed the jury on the lesser offense of possession in connection with Count IV. The defendant was prejudiced by the omission: the jury was not given the opportunity to convict on the lesser charge, a real possibility where the defendant had been acquitted on all assault charges. The question for the Court now is: what remedy is appropriate?

■ A judgment of acquittal is not the remedy. Defendant has been duly convicted of Count IV by a jury of his peers on sufficient evidence. An entry of judgment on the lesser-included offense of 14 V.I.C. § 2253(a), possession of an unlicensed firearm, both eliminates the prejudice to the defendant and is authorized by law. In Government of the Virgin Islands v. Floyd, et al., Nos. 80-1571, 80-1572, 80-1703, 80-1704 (3rd Cir. February 25, 1981) the Court wrote at p. 11:

> A jury's finding of guilty on all elements of the greater offense is necessarily a finding of guilt on all elements of the lesser offense, since a lesser-included offense consists of some of the elements of the greater offense and does not require the proof of any element not present in the greater offense. See United States v. Swiderkski, 548 F.2d 445, 452 (2d Cir. 1977). A trial court therefore has authority to enter a judgment of conviction on a lesser-included offense when it finds that an element exclusive to the greater offense is not supported by evidence sufficient to sustain the jury's finding of guilt on the greater offense. See United States v. Cobb, 558 F.2d 486, 489 (8th Cir. 1977); United States v. Ciongoli, 358 F.2d 439, 441 (3d Cir. 1966) (insufficient evidence supporting aggravating circumstances).

While the instant case does not involve insufficient evidence, the court finds that the same procedure should apply here. While the combination of acquittal on the crime of violence charges and the conviction on possession of an unlicensed firearm during the commission of a crime of violence is not technically error, it does raise real doubts as to the intention of the jury. The prejudice to the defendant comes from the fact that the jury was precluded from convicting on the lesser offense.

■ Accordingly the court will enter an order denying judgment of acquittal on Count IV and entering judgment on Count IV of the lesser offense—possession of an unlicensed firearm.