**GOVERNMENT OF the VIRGIN ISLANDS**

v.

**Dennis EDWARDS, Appellant.**

**No. 84–3159.**

United States Court of Appeals, Third Circuit.

Argued Dec. 5, 1984.

Decided Dec. 14, 1984.

Michael A. Joseph (argued), Federal Public Defender, Charlotte Amalie, St. Thomas, V.I., for appellant.

James W. Diehm U.S. Atty., Hugh P. Mabe, III (argued), Asst. U.S. Atty., Charlotte Amalie, St. Thomas, V.I., for appellee.

Before SEITZ, GIBBONS and SLOVITER, Circuit Judges.

**OPINION OF THE COURT**

SLOVITER, Circuit Judge.

Appellant Dennis Edwards, who was convicted of possession of a dangerous weapon in violation of 14 V.I.C. § 2251 (Supp.1984), contends that the district court erred in sentencing him under 14 V.I.C. § 2251(a)(2)(B) and in enhancing his sentence pursuant to 14 V.I.C. § 2254 (Supp. 1984).

Defendant was involved in an altercation with Robert Jardine during which defendant concededly stabbed Jardine with a knife causing a puncture wound in Jardine's anterior chest. Thereafter, defendant was arraigned on a three-count information. Count I charged defendant with

assault with intent to commit murder, constituting assault in the first-degree, in violation of 14 V.I.C. § 295; Count II charged assault with a deadly weapon, constituting assault in the third-degree, in violation of 14 V.I.C. § 297(2) (Supp.1984); Count III charged that defendant "with intent to use the same unlawfully against Robert Jardine, did possess a dangerous weapon to wit: a knife, during the commission of a crime of violence, to wit: Assault in violation of [14 V.I.C. § 2251(a)(2)]."

The jury acquitted defendant on Count I, was unable to reach a verdict on Count II, and convicted him on Count III. Thereafter, the district court dismissed Count II "[i]n the interest of judicial economy", finding that "[n]o good purpose would be served by a re-trial of the defendant on that count. The maximum penalty upon conviction of assault in the third-degree does not exceed the penalty for the conviction of the charge on which defendant was found guilty." Appellant's App. at 16a.

The district court, over the defendant's objection, sentenced defendant to five years' imprisonment, with a mandatory minimum sentence of 2½ years to be served. Defendant argues that this sentence is three years more than the sentence to which he could legally be subjected.

Section 2251 provides, in pertinent part:
(a) Whoever—

    ....

(2) with intent to use the same unlawfully against another ... possesses ... any ... dangerous ... weapon shall—
(A) be fined not more than $1,000 or imprisoned not more than two (2) years, or both; or
(B) if he ... possesses, ... any such weapon during the commission ... of a crime of violence ... shall be fined not more than $2,000 or imprisoned not more than five (5) years, or both, which penalty shall be in addition to the penalty provided for the commission of ... the crime of violence.

This statute was interpreted by this court in a similar fact situation in *Government of the Virgin Islands v. Charles*, 590 F.2d 82, 16 V.I. 52 (3d Cir.1979). In *Charles*, as in this case, the defendant was charged with but acquitted of the crime of assault with intent to murder and charged with and convicted of possession of a dangerous weapon in violation of § 2251(a)(2). In both cases, there was also a charge of third-degree assault, although in *Charles* defendant was convicted of that charge after it was amended to eliminate therefrom a reference to any crime of violence, whereas in this case that charge was dismissed by order of the court because of the inability of the jury to agree on a verdict. Thus, in *Charles*, as in this case, the court was obliged to determine whether defendant's conviction of possession of a dangerous weapon was subject to the enhanced penalty provided for by § 2251(a)(2)(B) when the possession of the weapon was "during the commission ... of a crime of violence," as opposed to the lesser penalty provided for by § 2251(a)(2)(A), when the possession of the weapon does not occur during the commission of a crime of violence.

In *Charles*, this court held:

Having determined that Charles was not convicted in Count II of any "crime of violence", his conviction in Count II under section 2251(a)(2) could only involve subsection (A) rather than subsection (B) which requires the commission of a crime of violence. Therefore Charles could only be subject to the sentence prescribed in subsection (A)—a sentence limited to a fine of not more than $1,000 or imprisonment for not more than two years, or both.

*Charles*, 590 F.2d at 85, 16 V.I. at 57–58.

The Government of the Virgin Islands argues that the decision in *Charles* is distinguishable. We find no basis on which to distinguish that holding. Although the district court in this case made specific findings that Edwards possessed the weapon during the commission of a crime of violence, *see* Appellee's App. at 111a–112a, those findings cannot act as a substitute for the jury's conviction of defendant of a

crime of violence. We deem it significant that the jury was instructed that the three elements of Count III that it must find were "(a) whether [defendant] did have a knife; (b) whether it was a dangerous knife; and (c) if he had it in his possession at that time with the purpose in mind of using it unlawfully against Mr. Jardine." Appellee's App. at 100a. This instruction, did not require the jury to find that defendant possessed the weapon during the commission of a crime of violence.[1]

Accordingly, we will remand this case to the district court for resentencing on Count III to a sentence which may be no greater than the two-year sentence that can be imposed for conviction of § 2251(a)(2)(A). Furthermore, as in *Charles*, the district court may not sentence the defendant to an enhanced sentence under § 2254 requiring mandatory incarceration.

For the foregoing reasons, we will remand this case to the district court.

---

**1.** We express no opinion on whether or under what circumstances any conviction of § 2251(a)(2) could be subject to enhancement under § 2251(a)(2)(B) if there were no predicate conviction for a crime of violence.