**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**OLIVER WILLIAMS, Defendant**

Criminal No. 1986/76

District Court of the Virgin Islands

Div. of St. Croix

January 22, 1987

ROLAND B. JARVIS, ESQ., Assistant United States Attorney, St. Croix, V.I., *for the Government*

MELODY L. MOSS, ESQ., Assistant Federal Public Defender, St. Croix, V.I., *for defendant*

O'BRIEN, *Judge*

## MEMORANDUM AND ORDER

This presentencing motion requires us to decide whether a conviction for a predicate "crime of violence" is necessary in order to sentence upon a conviction of possession of a dangerous weapon during a "crime of violence" in violation of 14 V.I.C. § 2551(a)(2)(B). We hold that it is; but because we may sentence the defendant pursuant to 14 V.I.C. § 2551(a)(2)(A), we will deny his motion to set aside the verdict.

## I. FACTS

The defendant, Oliver Williams, was tried on a two count information. Count I charged assault with the intent to murder in violation of 14 V.I.C. § 295(1).[1] Count II charged Williams with possession of a dangerous weapon, a machete, with the intent to use same during a crime of violence in violation of 14 V.I.C. § 2551(a)(2).[2]

The jury was instructed on the crime of assault with the intent to murder, and the lesser included offenses of assault in the Third

---

[1] 14 V.I.C. § 295(1) provides:
 Whoever—
 (1) with intent to commit murder, assaults another . . . shall be imprisoned not more than 15 years.

[2] 14 V.I.C. § 2251(a)(2) provides in relevant part:
 Whoever—. . .
 (2) with intent to use the same unlawfully against another, has, possesses, bears, transports, carries or has under his proximate control, a dagger, dirk, dangerous knife, razor, stilleto, or any other dangerous or deadly weapon shall—
 (A) be fined not more than $1,000 or imprisoned not more than two (2) years, or both; or
 (B) if he has previously been convicted of a felony, or has, possesses, bears, transports, carries or has under his proximate control, any such weapon during the commission or attempted commission of a crime of violence (as defined in section 2253(d)(1) hereof) shall be fined not more than $2,000 or imprisoned not more than five (5) years, or both, which penalty shall be in addition to the penalty provided for the commission of, or attempt to commit, the crime of violence . . .

Degree,[3] and simple assault.[4] (TR of Inst. at 11–14.) The jury was also instructed on the elements of the weapon charge.[5]

After deliberations, the jury returned a verdict acquitting Williams of assault with intent to murder, and the lesser included offense of assault in the Third Degree; but the jury convicted Williams of the lesser included offense of simple assault, as well as the second count consisting of the weapon charge.

Williams now argues in this motion that the jury's verdict on the assault count requires us to set aside the verdict on the weapon charge, because simple assault is not a "crime of violence" as defined by the code.[6] Williams contends that where the jury acquits on the predicate offense which constitutes a "crime of violence" under the code, a conviction under 14 V.I.C. § 2251(a)(2)(B) cannot stand. While we agree that sentencing under § 2251(a)(2)(B)

---

[3] 14 V.I.C. § 297 provides:
> Whoever, under circumstances not amounting to an assault in the first or second degree—
> (1) assaults another person with intent to commit a felony;
> (2) assaults another with a deadly weapon; . . .
> shall be fined not more than $500 or imprisoned not more than 5 years or both.

[4] 14 V.I.C. § 299 provides in relevant part:
> Whoever commits—
> (1) a simple assault;
> . . .
> shall be fined not more than $50 or imprisoned not more than 30 days or both.

[5] The jury instructions on the weapon charge were as follows:
> The Court: Before you can convict the defendant in this count, you have to find that the government has proved each of the following essential elements beyond a reasonable doubt.
> First, that Oliver Williams acted willfully. That he did possess, bear, transport or carry a dangerous weapon.
> The government alleges it was a machete. It is for the jury to decide whether he carried such a weapon and if he did, is it in the context of this case a dangerous weapon?
> Next, that Oliver Williams intended to use that dangerous weapon unlawfully against Judy Edmeade.
> And, lastly, that this occurred during the commission of a crime of violence. And, the government alleges that the crime of violence that it was used in consisted of either assault in the first degree, assault to do great bodily harm, or assault with or by means of a dangerous weapon.

[6] 14 V.I.C. § 2253(d)(1) provides that the meaning of the phrase "crime of violence" is the same as provided in 23 V.I.C. § 451(e). That provision provides that: a "crime of violence" means any of the following crimes, or an attempt to commit any of the same, namely: Murder in any degree, voluntary manslaughter, rape, arson, mayhem, kidnapping, assault in the first degree, assault with or by means of a deadly or dangerous weapon, assault to do great bodily harm, robbery, burglary, housebreaking, breaking and entering and larceny.

requires a conviction for a predicate "crime of violence", an entry of acquittal is not the proper resolution where the law allows us to impose sentence under § 2251(a)(2)(A).

Before turning to this issue, we note that this question has begged resolution since the statute was adopted. In fact, the Third Circuit recognized but expressed no opinion on the issue in Government of the Virgin Islands v. Edwards, 750 F.2d 23, 25 n.1 (3d Cir. 1984). We squarely face it today.

## II. DISCUSSION

 We agree with the Government that the general rule is that a criminal defendant may not attack his conviction on one count because it is inconsistent with the jury's verdict of acquittal on another count. See United States v. Powell, 469 U.S. 57, 105 S.Ct. 471 (1984) (citing Dunn v. United States, 284 U.S. 390 (1932)).[7] However, even the Powell Court noted that its decision did not resolve the situation where a guilty verdict on one count logically excludes a finding of guilt on the other. 105 S.Ct. at 479 n.8 (citing United States v. Daigle, 149 F. Supp. 409 (D.C. D.C. 1957), aff'd 248 F.2d 608 (D.C. Cir. 1957), cert. denied, 358 U.S. 913 (1958). Nor does that decision resolve the fact situation where as here a statute requires two convictions before an enhanced sentence may be imposed. Therefore, to the extent that our holding requires a conviction for a predicate "crime of violence" in order to impose sentence pursuant to § 2251(a)(2)(B),[8] the Dunn rule is inapplicable.[9]

---

[7] In Powell, the jury had acquitted the defendant on the predicate offense of conspiracy with the intent to distribute cocaine and possession of cocaine, but convicted the defendant on the use of the telephones in furtherance of a conspiracy to distribute cocaine in violation of 21 U.S.C. § 243(b). 105 S.Ct. at 473–75.

[8] Implicit in this holding is our conclusion that a simple assault in violation of 14 V.I.C. § 299 is not a "crime of violence". Not only is it not among those assaults enumerated in 23 V.I.C. § 451(e), see supra, note 6; it is not similar to the First or Third Degree assaults which are so enumerated. Moreover, in Government of the Virgin Islands v. Charles, 16 V.I. 52, 590 F.2d 82 (3d Cir. 1979), the Third Circuit held that assault in the Third Degree, assault which inflicts bodily harm in violation of 14 V.I.C. § 292(4) did not constitute a "crime of violence" because it does not require a finding of intent to do bodily harm. Id. at 84. Similarly, a conviction for simple assault does not require such an intent.

[9] Our holding does not, however, make a conviction for a predicate crime, not amounting to a "crime of violence", necessary for sentencing pursuant to § 2251(a)(2)(A), because that provision does not require that the possession occur during a "crime of violence". See e.g., Charles, supra at 85.

128

A. *Predicate "Crime of Violence"*

 The Virgin Islands dangerous weapon statute makes possession of a dangerous weapon a separate offense from a "crime of violence" perpetrated with a dangerous weapon. Government of the Virgin Islands v. Smith, 558 F.2d 691, 696 (3d Cir.), cert. denied, 434 U.S. 957 (1977). As a result, the crime of possession cannot be considered a lesser included offense of possession during a "crime of violence". Id.

Moreover, as the Third Circuit reiterated in Government of the Virgin Islands v. Soto, 718 F.2d 72 (3d Cir. 1983):

> [t]he legislature plainly intended to authorize multiple convictions and sentences under the dangerous weapon statute, and the statute proscribing the underlying or predicate 'crime of violence' perpetrated with a weapon, since the last clause of the weapons statute specifically states that punishment under it is *in addition to the "crime of violence"*.

Id. at 78 (emphasis added).

We interpret the inclusion of the clause "in addition to" as representing the legislative intent that the sentencing under the weapon statute, with respect to "crimes of violence", was to be cumulative with sentencing on the underlying "crime of violence". This evidences the necessity that there be a conviction for a predicate "crime of violence" in order that there be an additional sentence for the weapon conviction.

Indeed, the fact that sentencing under § 2251(a)(2)(B) may occur either if the defendant has been previously convicted of a felony, or if the present conviction occurred during a "crime of violence", indicates that one of two predicates must exist in order to invoke its sentencing provision. If we were to hold otherwise, this language would be inconsistent if not superfluous since the language suggests that the legislature intended to require two convictions prior to enhancing sentences under § 2251(a)(2)(B), either a conviction for a prior felony or a conviction for a predicate "crime of violence".

 If we read the statute not to require a conviction on the predicate "crime of violence", it would mean that possession in violation of § 2251(a)(2)(A) would become a lesser included offense of possession during a "crime of violence". Such an interpretation would confront the Third Circuit's conclusion in Smith that the statute proscribes two separate offenses, and not a single crime with a separate lesser included offense. Therefore, we conclude that

129

in order for us to impose sentence under § 2251(a)(2)(B), the jury must convict on the predicate "crime of violence".[10]

B. *Sentencing Under § 2251(a)(2)*

Williams argues that because sentencing pursuant to § 2251(a)(2)(B) necessitates a conviction for a predicate "crime of violence", we must enter a judgment of acquittal on the weapons charge. This contention, however, overlooks the teaching of the Third Circuit in Charles, supra. The court there held that where a jury acquitted of a predicate "crime of violence", and also convicted for possession of a dangerous weapon during a "crime of violence", sentence may be imposed under § 2251(a)(2)(A) rather than § 2251(a)(2)(B). 590 F.2d at 83–85. The court wrote:

> Having determined that Charles was not convicted in Count II of any "crime of violence", his conviction in Count III under § 2251(a)(2) could only involve subsection (A) rather than subsection (B) which requires the commission of a 'crime of violence'. Therefore, Charles could only be subject to the sentence prescribed in subsection A—a sentence limited to a fine of not more than $1,000 or imprisonment for not more than two years or both . . . .

Id. at 85. See also Government of the Virgin Islands v. Edwards, 750 F.2d 23 (3d Cir. 1984); Government of the Virgin Islands v. Sealey, 18 V.I. 425 (D.V.I. 1981).[11]

The Edwards court faced similar facts as in Charles except that the defendant was acquitted of the predicate "crime of violence" and convicted solely of the weapons charge. Edwards 750 F.2d at 24. The court emphasized that the trial court had not instructed the jury that possession of the dangerous weapon had to occur during a crime of violence in order to convict under § 2251(a)(2)(B). Therefore, it had no trouble imposing sentence under § 2251(a)(2)(A) which does not require the "crime of violence" component. Id.

---

[10] We recognize that our holding implies that so long as the jury convicts on a predicate "crime of violence", it matters not that the information and/or the jury instructions on the weapons count states only the charge of possession of a dangerous weapon.

[11] Although Judge Broderick's resolution in Sealey comports with our resolution here, his reasoning cannot be prescribed under the decisions of the Third Circuit and our rationale here.

■ We note that the Edwards facts are not directly on point since the jury here was instructed on the "crime of violence" element, see supra, note 5. That case is, however, supportive of our position because the Edwards court rested its holding squarely on Charles, finding the decision indistinguishable. Id. at 24. Since the Third Circuit decision in Charles is still good law and it rests on all fours with our facts here, we will follow its teaching and impose sentence under § 2251(a)(2)(A).[12]

## III. CONCLUSION

For the foregoing reasons, we hold that sentencing pursuant to 14 V.I.C. § 2251(a)(2)(B) requires a conviction on a predicate "crime of violence" as defined by 23 V.I.C. § 451(e). We conclude, however, that where the jury acquits of the predicate "crime of violence", but convicts on the weapons charge, sentence may be imposed under 14 V.I.C. § 2251(a)(2)(A).

## ORDER

THIS MATTER having come before the Court on motion of the defendant, Oliver Williams, to set aside his verdict of conviction, and the Court having issued its opinion of even date herewith, the premises considered, now, therefore it is

ORDERED:

THAT the defendant's motion to set aside his verdict is, hereby and the same, DENIED.

---

[12] To the extent the Edwards and Charles results appear to suggest that possession is a lesser included offense of possession during a "crime of violence" they conflict with the Third Circuit's discussion in Smith. However, we leave it up to the Circuit to resolve any such contradictions.