# GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff
## v.
# ROLSTON WALTERS, Defendant

Crim. No. 290/1994

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

February 6, 1996

Julio A. Brady, Esq. (Attorney General), Michael McLaurin, Esq., (Assistant Attorney General), *for Plaintiff*

Harold Willocks, Esq., Chief Territorial Public Defender, *for Defendant*

CABRET, *Judge*

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Government's motion for an enhanced sentence pursuant to 14 V.I.C. § 442, the defendant's opposition to the motion for enhanced sentence, and the defendant's motion for the ten (10) year mandatory minimum sentence without application of the enhanced penalty. This Court must decide whether the enhanced sentence provision under 14

V.I.C. § 442,[1] which provides for a mandatory minimum sentence of thirty (30) years if a dangerous weapon is used during the commission of the crime of first degree burglary, is appropriate where there was no jury finding that defendant was in possession of a dangerous weapon during said crime. For the reasons which follow, the Court holds that the enhanced penalty sought by the Government is not appropriate in this case and therefore grants defendant's motion.

## FACTS

The defendant in this case was tried before a jury on a multi-count information charging single counts of Aggravated Rape, Attempted First Degree Murder, First Degree Assault, Possession of a Deadly Weapon During a Crime of Violence, Burglary in the First Degree and Domestic Violence and Arson in the Second Degree. He was acquitted of all counts except the Burglary and Arson charges, for which the jury returned general verdicts of guilty, on December 16, 1994. On May 3, 1995, defendant was sentenced to concurrent terms of 15 years imprisonment on the burglary count and 10 years on the arson count.

At defendant's sentencing, the Assistant Attorney General argued that defendant's use of a weapon during the burglary mandated the Court's imposition of the enhanced 30 year minimum sentence. Defense counsel objected and requested that the defendant be sentenced in accordance with the regular sentencing provision for Burglary in the First Degree as stated in the Virgin Islands Code Ann. tit. 14, section 442.[2]

---

[1] This statute, which sets forth the elements of, and penalties for, Burglary in the First Degree, in pertinent part provides:

Whoever, with intent to commit an offense therein, breaks and enters the dwelling house, building, or structure of another in which there is at the time a human being
—. . .
. . . . is guilty of burglary in the first degree and shall be imprisoned not less than 10 years nor more than 20 years, **provided that if in the commission of said crime a dangerous weapon of any kind is used, then the penalty shall be not less than 30 years.**

[2] "Whoever . . . is guilty of burglary in the first degree . . . shall be imprisoned not less than 10 years nor more than 20 years. . ."

## ANALYSIS

The enhancement penalty at issue is triggered by the use of a deadly weapon during the commission of a first degree burglary. The Government's assertion that defendant should be sentenced pursuant to the enhanced penalty provision of the burglary statute is founded upon its argument that the defendant committed burglary in the first degree; the victim was assaulted; and the assault was committed with a dangerous weapon. The Government argues that Dr. Lamboy's testimony at trial proved that a weapon was used and as such, sufficient evidence was presented from which the Court could impose the additional sentence.

Defendant contends, however, that there is no basis for the imposition of the enhanced penalty because he was found not guilty of possessing a dangerous weapon during a crime of violence. Additionally, defendant argues that he was not convicted or charged under § 442(1) of the burglary statute,[3] which would require a factual determination by the jury that he was "armed with a dangerous weapon." Instead, he was convicted under § 442(4) which simply requires the Government to establish that the defendant, "while engaged in effecting [the breaking and entering], or in committing any offense therein, or in escaping therefrom, assaults any person. . ." 14 V.I.C. § 442(4).

This Court has found several local cases which deal with a related issue of the propriety of a conviction on the charge of Possession of a Deadly Weapon During a Crime of Violence where the jury fails to convict on the underlying crime of violence.[4] First,

---

[3] 14 V.I.C. § 442(1) provides in pertinent part:

"Whoever, with the intent to commit an offense therein, breaks and enters the dwelling house . . . in which there is at the time a human being —
**(1)being armed with a dangerous weapon. . .**"

[4] Both the Government and the defense cite *U.S. v. Abreu*, 962 F.2d 1425 (10th Cir. 1992) in support. The defendant cites this case for the proposition that the imposition of an enhanced sentence is only proper where a conviction has been obtained on the underlying offense. However, as the Government points out, the statute in *Abreu* concerns enhancing the sentence of a defendant based on the existence of prior convictions. The holding in *Abreu* was directed solely at determining when a prior conviction was a prior conviction for the purpose of enhancing a sentence. *Abreu*, therefore, is inapposite to the dispute at bar. The issue currently before the Court is whether the enhanced penalty provision of the burglary statute is appropriate where the defendant was not charged with 14 V.I.C. § 442(1), which specifically requires a

79

the Third Circuit Court of Appeals in *Government of the Virgin Islands v. Charles*, 16 V.I. 52 (3d Cir. 1978), held that where the jury fails to convict on a statutorily defined crime of violence it is error for a trial court to sentence pursuant to an enhancement provision which is triggered by the commission of a crime of violence. *Id.* at 57. In *Charles*, the jury found that the defendant was in possession of a deadly weapon during a crime of violence but failed to convict him of a statutorily defined crime of violence.[5] The trial court imposed an enhanced sentence for possession of a dangerous weapon during a crime of violence. The Court of Appeals vacated the enhanced sentence because the defendant had not been convicted of any "crime of violence."

It should be noted that the language of the weapons statute found in 14 V.I.C. § 2251[6] at issue in *Charles* does not explicitly require a conviction on a crime of violence, only that the weapon be carried during the commission of a crime of violence. The court in *Charles*, however, interpreted the statute as requiring a conviction. Similarly, this Court finds that the burglary statute at issue in this case has no explicit requirement that a conviction for using a dangerous weapon be entered. In accord with *Charles*, this Court interprets the phrase "if **in the commission** of said crime any dangerous weapon is used"[7] to require a factual determination by the jury that the defendant was in possession of a deadly weapon during a first degree burglary in order for the enhancement provision to apply.

---

factual finding that the defendant was armed with a dangerous weapon, and where he was acquitted of the charge of possession of a dangerous weapon during a crime of violence.

[5] The defendant was charged with Third Degree Assault, which at the time was not statutorily defined as a crime of violence. The charge of possession of a weapon during a crime of violence remained on the information after the original charge, First Degree Assault, had been amended to Third Degree Assault.

[6] 14 V.I.C. § 2251(a)(2)(B) provides in pertinent part:
Whoever—
(2) with intent to use the' same unlawfully against another, has, possesses, bears, transports, carries or has under his proximate control, a dagger . . . . or other dangerous or deadly weapon shall —
(b) if he . . . carries or has under his proximate control, any such weapon during the commission or attempted commission of a crime of violence (as defined in 2253(d)(1) hereof) shall be fined not more than $2,000. . .

[7] 14 V.I.C. § 442 Burglary in the First Degree

Following *Charles*, the District Court of the Virgin Islands held that "in order for us to impose the enhanced sentence under § 2251(a)(2)(B) of the weapons statute, the jury must convict on the predicate 'crime of violence'." *Government of the Virgin Islands v. Williams*, 23 V.I. 125, 130 (D.C.V.I. 1987). The defendant in *Williams* was tried on a two count information charging him with assault with the intent to murder and possession of a dangerous weapon with the intent to use same during a crime of violence. The jury acquitted Williams of the assault with intent to murder but convicted him on simple assault and the weapons charge. The *Williams* court stated that the "legislature intended to require two convictions prior to enhancing sentences under § 2251(a)(2)(B), either a conviction for a prior felony **or a conviction for a predicate "crime of violence".** *Id.* at 129.(emphasis added).[8]

## CONCLUSION

 In accordance with the foregoing, the Court holds that sentencing pursuant to the enhancement provision in the burglary statute requires a jury finding that the defendant was in possession of a deadly weapon during the commission of the first degree burglary. Defendant was acquitted of the charge of possession of a deadly weapon during the commission of a crime of violence. Additionally, there was no mention of a dangerous weapon in the burglary charge filed by the Government. As such, the enhancement provision cannot be imposed because there was no factual determination that defendant possessed a deadly weapon during the burglary. Therefore, defendant will be sentenced pursuant to the standard sentencing provision in 14 V.I.C. § 442.

---

[8] However, in 1981, the District Court addressed a related enhancement provision found in 14 V.I.C. § 2253, the firearm statute. Section 2253 has a more severe penalty for the possession of a firearm during a crime of violence. In *Government of the Virgin Islands v. Sealey*, 18 V.I. 425 (D.V.I. 1981), the court approved of the jury's conviction on Possession of an Unlicensed Firearm During a Crime of Violence in the face of an acquittal on all charges of violent crimes. *Id.* at 428. This opinion was void of any reasoning for the court's departure from the Third Circuit's warning against allowing convictions on possession during a crime of violence in the absence of a conviction for a crime of violence. Therefore, this Court declines to follow the *Sealey* "approval: of the jury's conviction on possession of a firearm during the commission of violence. Significantly, even though the court in *Sealey* approved the jury's conviction, it could not impose the enhanced sentence. The defendant was only sentenced on the offense of possession of an unlicensed firearm. *Id.* at 430.

## ORDER

THIS MATTER is before the Court on the Government's motion for an enhanced sentence pursuant to 14 V.I.C. § 442, the defendant's opposition to the motion for enhanced sentence, and the defendant's motion for the ten (10) year mandatory minimum sentence without application of the enhanced penalty. In accordance with this Court's previous ruling from the bench, and this memorandum opinion of even date, it is hereby

ORDERED that the Government's motion is DENIED. It is further ordered that the defendant's motion is GRANTED.