**DORALPH B. RABESS, Appellant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

District Court Crim. App. No. 92–40

Territorial Court Civil No. F160/1991

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 6, 1994

VICTOR SCHNEIDER, ESQ., Territorial Public Defender, St. Thomas, V.I., *for appellant*

DARLENE GRANT, ESQ., Asst. Atty. General, St. Thomas, V.I., *for appellee*

MOORE, *Chief Judge,* District Court of the Virgin Islands; CON-ABOY, *Senior Judge* of the United States District Court for the Middle District of Pennsylvania, Sitting by Designation; and CABRET, *Judge* of the Territorial Court of the Virgin Islands, St. Croix Division, Virgin Islands, Sitting by Designation.

On Appeal from the
Territorial Court of the Virgin Islands

## OPINION OF THE COURT

This matter came before the Court on appeal by Doralph Rabess seeking to reverse a judgment and conviction of the Territorial Court. Appellant appeals the failure of the court (1) to inform the jury that specific intent is a required element of robbery; (2) to instruct the jury properly regarding the Government's burden to disprove that defendant acted in self-defense; and (3) to merge the convictions for the lesser included offenses of simple assault and battery and carrying or using a dangerous weapon into the robbery conviction.[1]

The Government rejects the first two issues on appeal as inaccurate portrayals of the record. Regarding the appropriateness of

---

[1] The Court notes that it received very little research, documentation from the record, or analytical assistance from appellant's counsel to support its allegations. Such a disjointed presentation of transcript references may be cause in the future for appropriate sanctions pursuant to Fed. R. App. P. 30(a) and 3rd Cir. LAR 30.3.

349

merger, the Government contends that because the sentences imposed were lighter than the maximum potential sentence for appellant's most serious conviction, the merger principle does not apply and the trial judge's sentence was legally permissible. Finding that multiple sentences imposed on the convictions of simple assault and robbery in the third degree were improper, we vacate appellant's sentences on these two convictions and remand for resentencing. In addition, we vacate the sentence on the dangerous weapon conviction and remand for resentencing. In all other respects, we affirm the judgment of the Territorial Court.

## FACTUAL BACKGROUND

Appellant Rabess was charged in a four count Information on June 26, 1991 with (1) third-degree robbery; (2) assault with intent to commit robbery; (3) assault with a deadly weapon; and (4) possession of a deadly weapon with intent to use it during a crime of violence, to wit, robbery. The charges stem from a family dispute that occurred on June 19, 1991, when defendant went to his sister-in-law's house to demand repayment of an alleged $42 debt owed by the sister-in-law and her husband. Although the record presented on appeal is incomplete, it is sufficient to establish that appellant testified that he believed that the husband was concealing a knife behind his back. Appellant therefore got a long knife from the couple's kitchen, held it to his sister-in-law's throat, and again demanded the money. In response, the husband gave appellant a $50 bill and demanded change. Appellant gave him $8 change and left.

Appellant was convicted of (1) robbery in the third degree (V.I. Code Ann. tit 14, § 1864); (2) simple assault and battery (id. § 299), a lesser included offense of assault with a deadly weapon; and (3) carrying or using a dangerous weapon with intent to use it unlawfully (id. § 2251(a)(2)(A)), instead of the offense charged in the Information of possession of a dangerous weapon during the commission of a crime of violence, namely, robbery, with the intent to use the same unlawfully against another (id. § 2251(a)(2)(B)). Appellant was acquitted of assault with intent to commit robbery. At sentencing on March 6, 1993, appellant received a six-month suspended jail sentence for robbery, time served for assault, and a $250 fine for the weapons charge, followed by probation. This appeal ensued.

## DISCUSSION

### Jury Instructions

■ Since appellant made no objection at trial to the court's instructions, they are reviewed only for plain error. Reversal is sparingly used only to correct what would otherwise result in manifest injustice. Simmons v. City of Phila., 947 F.2d 1042, 1078 (3d Cir. 1991), cert. denied, 112 S.Ct. 1671 (1992). In fact, reversal is rarely justified based on a judge's failure to instruct. Henderson v. Kibbe, 431 U.S. 145, 154 (1977).

■ Contrary to appellant's assertions, the record reveals that the lower court defined and detailed the crime of robbery both before and after trial.[2] After defining the other charges, the judge described the intent that must be demonstrated to convict, concluding that "the crime charged in this case is a crime for [sic] which requires proof of specific intent before defendant can be convicted."[3] We find that the instruction satisfies the criteria presented in Government of the Virgin Islands v. Carmona, 7 V.I. 441, 422 F.2d 95 (3d Cir. 1970). Carmona holds that, so long as the court instructs that proof of specific intent is required, the jury need not be instructed in-depth about the factors that create specific intent.

■ Regarding the requirement that the Government prove beyond a reasonable doubt that defendant did not act in self-defense, the record again reflects that instructions regarding self-defense were clearly presented to the jury. "When evidence of self-defense is presented, the Government must prove, beyond a reasonable

---

[2] Appendix ("App.") for Appellant at 5–8, 33–36.

[3] App. for Appellant at 42:

Now, I use the word "intent" in addition to the elements of the offenses charged. The prosecution must prove to your satisfaction, beyond a reasonable doubt, that the defendant acted intentionally when he committed each crime.

A person acts intentionally when he purposefully does an act which the law declares to be a crime even though he may not know that his act is unlawful.

The defendant acted intentionally if he desired to cause the consequences of his act or if he believed that the consequences were substantially certainly the result from his act.

Now, the crime charged in this case is a crime for which requires proof of specific intent before the defendant can be convicted. Such intent may be determined from all of the facts and circumstances surrounding the case.

351

doubt, that the defendant did not act in self- defense."[4] This instruction indubitably describes the Government's burden to the jury as required in Government of the Virgin Islands v. Smith, 949 F.2d 677 (3d Cir. 1991). We therefore reject appellant's challenge to the lower court's instructions to the jury.[5]

## Assault and Robbery Convictions

■ The Court has done its best to decipher the point appellant is trying to make regarding his convictions and sentencing for simple assault and robbery. The gist of what appellant appears to be arguing is that he should not have been punished separately for these two convictions.[6] We disagree that the conviction for simple assault merged into the robbery conviction, but we agree that the separate sentence on each violated the Double Jeopardy Clause.[7] While concurrent prosecution under a single information for crimes arising out of a single transaction does not subject a defendant to double jeopardy, multiple punishment for the same offense does. "In the context of concurrent (rather than consecutive) prosecutions, the Clause only prohibits the government from seeking, and the courts from imposing, punishments exceeding legislative authorization." United States v. Xavier, 2 F.3d 1281, 1290 (3d Cir.

---

[4] App. for Appellant at 43.

[5] Similarly, appellant's vague assertion that the Information is somehow insufficient is without merit. Appellant cites Government of the Virgin Islands v. Pemberton, 813 F.2d 626 (3d Cir. 1987), but declines to comment on how the charging document is defective. In this case, the Information detailed how appellant held a knife to his victim's throat, threatened to kill her and her husband, and then took their money. App. for Appellant at 5.

[6] Appellant also contends that the trial court failed to treat the offense of carrying or using a dangerous weapon with intent to use it unlawfully as a lesser included offense of robbery in the third degree. This challenge is without merit per Government of the Virgin Islands v. Smith, 558 F.2d 691, 696 (3d Cir.), cert, denied1 434 U.S. 957 (1977) (section 2251 "makes possession of the dangerous weapon a separate offense from a crime of violence perpetrated with it and provides for an additional penalty. Hence, the statutory language and purpose lend no support to the invocation of the lesser included offense doctrine, but rather manifest the legislature's intent to create a distinct, separable crime," citing Virgin Islands v. Carmona, 422 F.2d 95, 100 (3d Cir. 1970) and Virgin Islands v. Aquino, 378 F.2d 540, 554 (3d Cir. 1967)).

[7] Section 3 of the Revised Organic Act of 1954 established the applicability of the Fifth Amendment's Double Jeopardy Clause to the United States Virgin Islands, codified at 48 U.S.C. § 1613(a).

1993). Quoting from the Supreme Court,[8] the Third Circuit noted that "'where two statutory provisions proscribe the "same offense," they are construed not to authorize cumulative punishments in the absence of a clear indication of contrary legislative intent.'" Id. Accordingly, in the Third Circuit, where the legislature intended to permit multiple convictions but not multiple punishments, two separate convictions for the "same offense" do not merge; they survive as separate convictions. Xavier, 2 F.3d at 1290–92 & n.13. The focus in such instances is on the punishment to be imposed,[9] not on the separate convictions.

When confronted with convictions in a prosecution under a single information for crimes arising out of a single transaction, courts in this Circuit are first[10] to determine whether these convictions are for the "same offense" by applying Blockburger: "'the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'" Xavier, 2 F.3d at 1290 (quoting Blockburger v. United States, 284 U.S. 299, 304 (1932)). We thus consider whether simple assault and robbery in the third degree are the "same offense" for double jeopardy purposes. If we conclude that they are the same offense, then multiple punishment may not be imposed unless we find a clear indication of legislative intent to the contrary.

Applying Blockburger, we conclude that simple assault is a lesser included offense of robbery in the third degree. The crime of robbery requires proof of an unlawful taking "by means of force or fear." V.I. Code Ann. tit 14, § 1861. Simple assault and battery requires proof of a sufficiently similar element, namely, an attempt to batter or "a threatening gesture showing in itself an immediate in-

---

[8] Whalen v. United States, 445 U.S. 359, 368–69 (1983).

[9] Accord, United States v. Fernandez, 916 F.2d 125, 127 (3d Cir. 1990), cert. denied, 500 U.S. 948 (1991); Government v. Brathwaite, 782 F.2d 399, 408 n.9 (3d Cir. 1986); Government of the Virgin Islands v. Dowling, 633 F.2d 660, 670 (3d Cir.), cert. denied, 449 U.S. 960 (1980).

[10] The crimes involved here, robbery and assault, are clearly separate crimes, directed at separate evils, intended to support separate convictions. The threshold requirement that each of these offenses clearly authorizes a separate punishment for its violation is thus easily satisfied. Xavier, 2 F.3d at 1291 (quoting United States v. Maldonado-Rivera, 922 F.2d 934, 981 (2d Cir. 1990), cert. denied, 501 U.S. 1211 (1991)); see Fernandez, 916 F.2d at 127.

tention coupled with an ability to commit a battery." Id. § 299. Moreover, the Third Circuit has held that the offense of assault with intent to commit robbery is a lesser included offense of the crime of robbery when all of the elements of both offenses are committed against the same individual. Government of the Virgin Islands v. Joseph, 685 F.2d 857, 865–66 (3d Cir. 1982). Since both the assault and robbery charged in this Information name Ignisia Robin as the victim, we agree that appellant's assault conviction is a lesser included offense of the robbery conviction. It necessarily follows from this conclusion that the assault and the robbery are the "same offense" for double jeopardy purposes since "the Blockburger test always deems a lesser included offense the same as the greater because by definition the greater offense includes all the elements of the lesser." Xavier, 2 F.3d at 1291 (quoting United States v. Gomberg, 715 F.2d 843, 851 (3d Cir. 1983), cert. denied, 465 U.S. 1078 (1984)).

Moving on to the next step in the Third Circuit's analysis, we find no legislative intent, nor have we been provided with any legislative history, indicating that the Legislature expressed an intent to impose multiple punishment for these two offenses when they are found to be "the same" for double jeopardy purposes.

This Court therefore concludes that separate, multiple sentences for convictions of third degree robbery and simple assault against the same victim in a single prosecution violates the appellant's double jeopardy rights. Accordingly, we will vacate appellant's sentences on these convictions and remand for resentencing, with instructions to impose a general sentence on both convictions for a term not exceeding the maximum permissible for robbery in the third degree.

## The Crime Defined by Section 2251(a)(2)

Although not mentioned by either party, this appeal squarely raises issues regarding the very definition of the crime described in section 2251(a)(2), the relevant portions of which are:

(a) Whoever—

. . .

(2) with intent to use the same unlawfully against another, has, possesses, bears, transports, carries or has under his proximate control . . . any [other] dangerous weapon shall—
(A) be fined not more than $1,000 or imprisoned not more than two (2) years, or both; or

(B) if he has previously been convicted of a felony, or has, possesses, bears, transports, carries or has under his proximate control, any such weapon during the commission or attempted commission of a crime of violence (as defined in section 2253(d)(1) hereof) shall be fined not more than $2,000 or imprisoned not more than five (5) years, or both, which penalty shall be in addition to the penalty provided for the commission of, or attempt to commit, the crime of violence.

■ This revision of section 2251 was enacted at the same time the companion section 2253 was revised, and both contain almost identical penalty-enhancing language.[11] Although the Third Circuit has not had occasion to review the "crime of violence" language in either section, it has held that the felon-in-possession provision of section 2253(a) does not create a separate crime of unauthorized possession by a convicted felon. Rather, it is the possession by a convicted felon which serves to enhance the penalty for the offense of unauthorized possession of a firearm. Government of the Virgin Islands v. Castillo, 550 F.2d 850, 853 (3d Cir. 1977); Government of the Virgin Islands v. Smith, 949 F.2d 677, 687 (3d Cir. 1991). Since this issue was not present in Castillo and Smith, the Court of Appeals declined to decide whether the language of section 2253(a) relating to a crime of violence has the same effect as a felony conviction.[12]

This Court, sitting as a trial court, has recently analyzed the crime of violence language in section 2253(a) to reach the conclusion that possession of a firearm during the commission of a crime of violence merely serves to enhance the penalty for unauthorized possession of a firearm; it does not add a separate crime of unauthorized possession of a firearm during a crime of violence.

---

[11] Act of May 16, 1974, No. 3566, § 1 & § 3, 1974 V.I. Sess. Laws 98–100 (1974). Section 2251 defines the circumstances under which carrying or using a dangerous weapon is a crime. Section 2253 outlines the conditions under which carrying a firearm is a crime. Both sections contain language imposing a greater penalty if the perpetrator had previously been convicted of a felony or uses or has the weapon/firearm during a crime of violence.

[12] However, in dicta, the Third Circuit noted that "commission vel non of a violent crime is the kind of factual question more suited to resolution by a jury." Government of the Virgin Islands v. Smith, 949 F.2d 677, 686–87 n.9 (3d Cir. 1991); accord Government of the Virgin Islands v. Castillo, 550 F.2d 850, 853 n.5 (3d Cir. 1977).

United States of America v. Sebastien, V.I. BBS 92CR111.DT1 (D.V.I. Mar. 25, 1994). In Sebastien, the Court acknowledged the possible distinction posited by the appellate court in Castillo that proof of involvement in a crime of violence might be more like a jury issue, whereas judicial notice could be taken of a defendant's prior felony conviction. Noting that proof of a defendant's prior felony conviction could just as well be a jury issue as evidence that the possession was without authorization of law, the trial division of this Court found little or no difference in the manner of proof of these two clauses. Moreover, as in the case before us, the Government will invariably charge the crime of violence separately as a predicate for an enhanced sentence under the weapons offense.[13] In Sebastien, the Court held "that section 2253(a) prescribes a single offense of unauthorized possession of a firearm of which there are two elements: one, that the defendant possessed a firearm and two, that the defendant did it without authorization of law." Id. at 7.

Since sections 2251 and 2253 were revised together and contain identical language regarding the penalties for possession "during the commission or attempted commission of a crime of violence," the judicial construction of this language in section 2253 informs our analysis of the crime of violence provision in section 2251 presented by this case. Applying this rationale, we hold that section 2251(a)(2) defines just one offense, that of carrying or possessing a dangerous weapon with intent to use it unlawfully against another.[14] Subsections (a)(2)(A) & (a)(2)(B) merely state two alternative punishments: with neither aggravating circumstance, possession of a dangerous weapon with intent to use the same unlawfully carries a $1000 fine and/or two years in jail (subsection (a)(2)(A)); the same carrying or possession of the dangerous

---

[13] The conclusion of the Third Circuit in United States v. Xavier, 2 F.3d 1281, 1291 (3d Cir. 1993), that "unauthorized possession of a firearm" and "unauthorized possession of a firearm during a crime of violence" are the "same offense" for sentencing purposes bolsters this Court's rationale in Sebastien. As the Xavier court found, section 2253(a) "provides punishment for unauthorized possession 'except that' a greater punishment applies for a defendant convicted of possessing a weapon during a crime of violence." United States v. Xavier, 2 F.3d at 1291.

[14] But cf. Government of the Virgin Islands v. Sealey, 18 V.I. 425 (D.V.I. 1981) (noting the dicta in the Castillo decision, but nonetheless finding that the jury should have been instructed on the "lesser offense" of unlawful possession under 2253(a)).

weapon during a crime of violence enhances the penalty to a $2000 fine and/or five years imprisonment (subsection (a)(2)(B)). A necessary result of this ruling is that there is no lesser included offense to 2251(a)(2).

While not discussed in these same terms by the Court of Appeals, the facts presented in this appeal are very similar to those in Government of the Virgin Islands v. Edwards, 750 F.2d 23, 24–25 (3d Cir. 1984). There, although the information repeated language from 2251(a)(2)(B) to charge possession of a dangerous weapon with intent to use it unlawfully against another during the commission of a crime of violence, the district judge did not include possession during a crime of violence as an element in the instructions to the jury. Since Edwards was not convicted of a crime of violence, the appellate court upheld the conviction for possession of a dangerous weapon with intent to use it unlawfully against another, vacated the enhanced sentence, and remanded for the trial court to impose an "unenhanced" sentence pursuant to subsection (a)(2)(A). Accord Government of the Virgin Islands v. Charles, 590 F.2d 82 (3d Cir. 1979).

■ The facts underlying the Edwards and Charles cases construing section 2251(a)(2) support our conclusion that the "crime of violence" clause of subsection (a)(2)(B) should be treated the same as the "convicted felon" clause, that is, the two clauses state alternative aggravating circumstances which serve to enhance punishment. The defendants in Edwards and Charles were each charged with possession of a dangerous weapon with intent to use it unlawfully against another, and at the same time with a crime of violence, conviction of which would bring into play the enhanced penalty of subsection (a)(2)(B). No more evidence or proof to the jury is required in such circumstances, just like no additional evidence or proof of a felony conviction is needed under the other penalty-enhancing clause. Our holding here will have the salutary effect of avoiding the confusion engendered in such cases as this, where Rabess was found guilty by the jury of the commission of a crime of violence—robbery—and yet acquitted of the original count charging (incorrectly) the commission of a crime of violence as an element of a violation of 2251(a)(2). Although the trial judge erroneously characterized subsection (a)(2)(A) as a lesser included offense, Rabess was properly convicted of possession of a dangerous weapon with intent to use the same unlawfully against an-

other, the only crime proscribed by the language of section 2251(a)(2).

Thus, the net result of the Territorial Court's instructions that (a)(2)(A) was a lesser included offense of (a)(2)(B), although erroneous, was not reversible error. With the jury finding appellant guilty of robbery in the third degree—a crime of violence—and possession of a weapon with intent to use it unlawfully, the judge was bound to sentence Rabess pursuant to subsection (a)(2)(B) and section 2254.[15] We therefore remand this matter to the Territorial Court for resentencing.[16]

## CONCLUSION

For the reasons stated above, we vacate the sentences on appellant's convictions of simple assault and battery and third-degree robbery and remand for resentencing, with instructions to impose a general sentence on both convictions for a term not exceeding the maximum permissible for robbery in the third degree. We affirm appellant's conviction of possession of a dangerous weapon with intent to use it unlawfully against another pursuant to section 2251(a)(2), but, as explained above, we vacate his sentence on that conviction and remand for resentencing in accordance with this opinion. We affirm the judgment in all other respects. An appropriate order will be entered.

## ORDER OF THE COURT

AND NOW, this 6th day of October, 1994, after careful review of the record and having considered the submissions and arguments of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

---

[15] V.I. Code Ann. tit. 14, § 2254 creates a mandatory minimum term of imprisonment of not less than one-half the maximum sentence for violation of section 2251 committed during an attempted or consummated crime of violence which cannot be suspended, deferred, or withheld. The perpetrator is ineligible for any form of release before serving the mandatory minimum.

[16] See United States v. Busic, 639 F.2d 940, 950 (3d Cir.), cert. denied, 452 U.S. 918 (1981) (discussing sentencing possibilities on remand). The trial court will have to balance the equities in imposing a substantially greater penalty pursuant to V.I. Code Ann. tit. 14, § 2254, a legislatively-imposed mandatory minimum sentence.

IT IS ORDERED:

THAT the Territorial Court's decision is AFFIRMED in part and REVERSED in part, and the matter is REMANDED to the Territorial Court with instructions to VACATE appellant's sentences for simple assault and battery and robbery in the third degree and remand for resentencing consistent with this Court's Opinion; and to VACATE appellant's sentence for possession of a dangerous weapon with intent to use it unlawfully against another pursuant to V.I. Code Ann. tit. 14, § 2251(a)(2) and remand for resentencing consistent with this Court's Opinion.