**UNITED STATES OF AMERICA, Plaintiff**
**v.**
**ABRAHAM NEE NTREH, Defendant**

Crim. No. 2002-0007

District Court for the Virgin Islands

Division of St. Croix

November 24, 2003

416

CARL F. MOREY, Asst. U.S. Atty., U.S. Virgin Islands, *Attorney for the Government*

JOMO MEADE, ESQ., U.S. Virgin Islands, *Attorney for the Defendant*

FINCH, *Chief Judge*

## MEMORANDUM OPINION

(November 24, 2003)

This matter comes before the Court on Defendant Abraham Nee Ntreh's Motion for Judgment of Acquittal or in the Alternative for New Trial. For the reasons expressed below, Defendant's motion will be denied.

## I. Background

Following a mistrial for the jury's failure to reach a unanimous verdict as required by FED. R. CRIM. P. 31(a), Defendant Abraham Nee Ntreh was convicted at a second trial on one count of illegal reentry following deportation in violation of 8 U.S.C. § 1326(a), and one count of false statement in violation of 8 U.S.C. § 1326(a).

By the instant motion, Defendant asks the Court for a judgment of acquittal on the basis of lack of jurisdiction and/or insufficient evidence. Alternatively, Defendant moves for a new trial. The Government opposes Defendant's motion.

## II. Standard for Judgment of Acquittal and New Trial

█ A motion for judgment of acquittal and a motion for new trial are governed by two different standards. In determining a motion for judgment of acquittal for insufficiency of the evidence under FED. R. CRIM. P. 29, a district court "must view the evidence in the light most favorable to the verdict, and must presume that the jury has properly carried out its functions of evaluating credibility of witnesses, finding the facts, and drawing justifiable inferences. A verdict will be overruled only if no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." *United States v. Coleman,* 811 F.2d 804, 807 (3d Cir. 1986) (citing

417

*United States v. Castro*, 776 F.2d 1118, 1125 (3d Cir. 1985); *United States v. Dixon*, 658 F.2d 181, 188 (3d Cir. 1981)). The Court must determine "whether all the pieces of evidence against the defendant, taken together, make a strong enough case to let the jury find him guilty beyond a reasonable doubt." *United States v. Allard*, 240 F.2d 840, 841 (3d Cir. 1957), *cert. denied*, 353 U.S. 939 (1957). A trial court has the duty to grant a judgment of acquittal when the evidence is so scant that the jury could only speculate as to the defendant's guilt. See 2 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: *Criminal* 2d § 467, at 660-61 & n. 23 (West 1982). The Government must prove every element of the offense beyond a reasonable doubt. *United States v. Samuels*, 741 F.2d 570, 573 (3d Cir. 1984).

■ A motion for a new trial pursuant to FED. R. CRIM. P. 33, on the other hand, requires a broader standard of review than that applied to a motion for judgment of acquittal. *Government of Virgin Islands v. Leycock*, 93 F.R.D. 569, 571 (D.V.I. 1982); *United States v. Pepe*, 209 F. Supp. 592, 594 (D. Del. 1962), *aff'd*, 339 F.2d 264 (3d Cir. 1964) (*per curiam*). Under Rule 33, "the Court ... may grant a new trial ... if required in the interest of justice." FED. R. CRIM. P. 33. Unlike a motion for judgment of acquittal, the motion for new trial is based upon the weight of the evidence, and the court may weigh evidence and consider the credibility of witnesses. *United States v. Smith*, 619 F. Supp. 1441, 1443 (M.D. Pa. 1985); *Pepe*, 209 F. Supp. at 595. The decision whether to grant a new trial is left to the discretion of the trial court. However, such an exercise of discretion is to be used only in exceptional circumstances. *United States v. Kermidas*, 332 F. Supp. 1312, 1316 (M.D. Pa. 1971), *aff'd*, *United States v. Rohland*, 468 F.2d 238 (3d Cir. 1972); 2 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: *Criminal* 2d § 553 (West 1982). The trial judge may not set aside the verdict simply because he came to a different conclusion than the jury. *See Schirra v. Delaware L. & W. R. Co.*, 103 F. Supp. 812, 820 (M.D. Pa. 1952).

### III. Analysis

Defendant Abraham Nee Ntreh argues that based on the Court's lack of jurisdiction and/or the insufficiency of the Government's evidence, he is entitled to a judgment of acquittal. The Court finds no merit in Defendant's argument that the Court lacks jurisdiction based on the alleged invalidity of his deportation order. As this Court has previously

noted, Defendant Nee Ntreh's deportation hearing has been reviewed generously, including by the Fifth Circuit Court of Appeals. This Court has also entertained several challenges by Nee Ntreh as to the validity and legality of his deportation. None of those challenges has raised a due process concern.

■ Turning to the issue of insufficient evidence, the Court must determine whether a reasonable jury could find that the Government proved all of the requisite elements beyond a reasonable doubt. The elements of Count 1 are as follows:

(1) The defendant is an alien;

(2) The defendant was either denied admission, excluded, deported, or removed, or has departed the United States while an order of exclusion, deportation, or removal is outstanding

 A. at Dallas, Texas, on or about October 27, 1997; or

 B. at Niagara Falls, New York, on or about July 10, 1998; or

 C. at Washington, DC, on or about March 10, 1999.

(3) The defendant thereafter either entered the United States, attempted to enter the United States, or was "found in" the United States; and

(4) (A) Without having obtained permission from the Attorney General to reapply for admission to the United States; or (B) With respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act.

The elements of Count 2 are as follows:

(1) The defendant knowingly made a false, fictitious, or fraudulent statement or representation to the government as detailed in the Indictment;

(2) In making the false, fictitious, or fraudulent statement, the defendant acted willfully;

(3) The statement was made in a matter within the jurisdiction of a department or agency of the United States; and

419

(4) The statement made was material.

At the second trial for this matter, the Government provided evidence including Defendant's passport, a deportation order entered against Defendant, testimony that Defendant was denied reentry to the United States on three occasions, testimony of Defendant's subsequent presence in the United States, and testimony alleging that Defendant told an INS officer that Defendant had mailed his passport to his brother when Defendant in fact had the passport with him in his suitcase. In light of these facts, this Court cannot find that "no reasonable juror could accept the evidence as sufficient to support the conclusion of guilt beyond a reasonable doubt." See *Coleman*, 811 F.2d at 807. Furthermore, Defendant has made no arguments in support of a new trial and the Court does not find that the interests of justice dictate a new trial.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion for Judgment of Acquittal or in the Alternative for New Trial is denied. An appropriate Order is attached.