**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**GARY GONZALVES, Defendant**

Criminal No. 386/2004

Superior Court of the Virgin Islands

Division of St. Croix

July 29, 2005

WILSON J. CAMPBELL, ESQ., Assistant Attorney General, Virgin Islands Department of Justice, St. Croix, Virgin Islands, *Attorney for the Plaintiff.*

HAROLD R. WASHINGTON, ESQ., Territorial Public Defender, St. Croix, Virgin Islands, *Attorney for Defendant.*

CABRET, *Judge*

## MEMORANDUM OPINION

(July 29, 2005)

THIS MATTER is before the court on Defendant Gary Gonzalves' Motion for Judgment of Acquittal. Defendant was charged in a two-count Information[1] with the offense of Assault in the Third Degree, in violation of section 297(2) of title 14 of the Virgin Islands Code and Possession of a Dangerous Weapon During the Commission of a Crime of Violence, in violation of section 2251(a)(2)(B) of title 14 of the Virgin Islands Code. These charges arose out of the events of November 28, 2004, when Defendant struck his nephew on his forehead with a metal object.

On March 8, 2005, the Defendant was convicted by a jury of Simple Assault and Battery, in violation of section 299 of title 14 of the Virgin Islands Code, the lesser-included offense of Count I of the Information. Defendant was also convicted of Count II of the Information, Possession of a Dangerous Weapon During the Commission of a Crime of Violence, in violation of section 2251(a)(2)(B) of title 14 of the Virgin Islands Code. Defendant seeks acquittal of Count II on due process grounds, contending that the jury returned a legally inconsistent verdict, because he was found not guilty of Assault in the Third Degree, the only crime of violence before the jury. The Government opposes Defendant's Motion for Judgment of Acquittal and Requests Entry of Judgment under section 2251(a)(2) of title 14 of the Virgin Islands Code. Having considered the arguments and memoranda of counsel and in accordance with the ruling

---

[1] The Information at issue was actually the Second Amended Information.

from the bench, the Court denies Defendant's Motion for Acquittal and grants the Government's Request for an Entry of Judgment.

## II. STANDARD OF REVIEW

The standard of review for a Motion for a Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29(c) is found in *United States v. Ntreh*, 45 V.I. 416, 417-18 (D.V.I. 2003). *See generally,* FED. R. CRIM. P. 29(c); SUPER. CT. R. 7. *Ntreh* states that courts considering a Rule 29 motion for insufficiency of the evidence,

> must view the evidence in the light most favorable to the verdict, and must presume that the jury has properly carried out its functions of evaluating credibility of witnesses, finding the facts, and drawing justifiable inferences. A verdict will be overruled only if no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt.

45 V.I. at 417-18 (citing *United States v. Coleman*, 811 F.2d 804, 807 (3d Cir. 1987)). The Court now applies this standard.

## III. DISCUSSION

In support of his position, Defendant cites to various United States Supreme Court decisions that speak to the matter of inconsistent verdicts generally, but fails to direct this Court to case law interpreting the particular statute in issue, section 2251(a)(2) of title 14 of the Virgin Islands Code. The Government, on the other hand, references exclusively decisions of the Virgin Islands and Third Circuit Court of Appeals interpreting section 2251(a)(2), as a unitary offense with two sentencing provisions, without acknowledging the effect of Supreme Court holdings on this jurisdiction's precedents. Neither party cites the United States Supreme Court decision of *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), which ultimately dictates the outcome in this case, justifying the Court's decision to submit the sentence enhancement provision to the jury. Following *Apprendi* and in accordance with the possession statute, the Court may sentence

Defendant under the enhanced penalty provision[2] of section 2251(a)(2)(B).

At the close of trial, the Court instructed the jury as to the essential elements of Count I, Assault in the Third Degree.[3] The jury was also advised as to the lesser-included offense of Assault in the Third Degree, Simple Assault and Battery. Next, the Court explained the essential elements of Count II, charged as Possession of a Dangerous Weapon During the Commission of a Crime of Violence.[4] Additionally, the Court instructed the jury that the purported lesser-included offense,[5] Possession of Dangerous Weapon with Intent to Use, required proof of all the

---

[2] Gonzalves could have been sentenced under this provision if the Government properly proffered the conviction. *See e.g., United States v. Gilbert*, 20 F.3d 94 (3d Cir. 1994).

[3] The elements that the Government had to prove beyond a reasonable doubt, for the purposes of section 297(2) of title 14 of the Virgin Islands Code, were the following:

1. That the defendant used or threatened unlawful violence upon the person of another;
2. That defendant did so with the specific intent to injure that person;
3. That the defendant used a deadly weapon, a metal object, to commit the offenses; and
4. The act occurred on or about November 28, 2004 in the judicial district of St. Croix.

(Jury Instructions at 29.)

[4] The elements that the Government had to prove beyond a reasonable doubt, for the purposes of section 2251(a)(2)(B) of title 14 of the Virgin Islands Code, were the following:

1. That the defendant acted willfully;
2. That the defendant did possess, bear, transport or carry a dangerous or deadly weapon, to wit: a metal object;
3. That the defendant had the specific intent to use the dangerous or deadly weapon unlawfully against Larry Williams;
4. That the defendant used the dangerous or deadly weapon during a crime of violence, namely Assault in the Third Degree; and
5. That the act occurred on or about November 28, 2004, in the judicial district of St. Croix, U.S. Virgin Islands

(Jury Instructions at 33.)

[5] The Government submitted a proposed jury instruction labeling "Unauthorized Possession of Dangerous Weapon" as a lesser-included offense of Count II under section 2251(a)(2)(A). The instruction given was without significant alteration or objection by either party as to the characterization of section 2251(a)(2) and consisted of two offenses, a primary claim under subsection (a)(2)(B) and a lesser-included offense under section 2251(a)(2)(A).

elements of Possession of a Dangerous Weapon During the Commission of a Crime of Violence except the element that the possession occur "during the commission of a crime of violence." Despite the Court's instructions, the jury acquitted the Defendant on the charge of Assault in the Third Degree, but found him guilty of Possession of Dangerous Weapon During the Commission of a Crime of Violence.

## A. Analysis of Section 2251(a)(2)

A proper analysis of the jury verdict in this case must begin by examining section 2251(a)(2) of title 14 of the Virgin Islands Code.[6] That section outlines a singular offense making it a crime to possess or carry a dangerous or deadly weapon with intent to use it unlawfully against another. 14 V.I.C. § 2251(a); *see Gov't of the Virgin Islands v. Williams*, 1996 WL 517297, *2 (D.V.I. App. Div. 1996). Section 2251(a)(2)(A) provides that the maximum penalty for the unauthorized possession of a dangerous weapon shall be five-years imprisonment and a $5,000 fine. 14 V.I.C. § 2251(a)(2)(A). In contrast, section 2251(a)(2)(B), the penalty enhancement, provides for a maximum penalty of fifteen-years imprisonment and a $10,000 fine if the possession is by a convicted felon or occurs during the commission or attempted commission of a crime of violence, as defined by section 451(e) of title 23 of the Virgin Islands Code. 14 V.I.C. § 2251(a)(2)(B). *See Rabess v. Gov't of the Virgin Islands*, 868 F. Supp. 777, 782-83, 30 V.I. 348 (App. Div. 1994) (determining that section 2251(a)(2)(B) and (a)(2)(A) are merely sentencing provisions, not primary and lesser-included offenses); *accord, United States v. Bruney*, 866 F. Supp. 874,

---

[6]  The statute provides, in relevant part:

(a)  Whoever— ...

(2)  with intent to use the same unlawfully against another, has, possesses, bears, transports, carries or has under his proximate control, a dagger, dirk, dangerous knife, razor, stiletto, or any other dangerous or deadly weapon shall—

(A)  be fined $5,000 and imprisoned not more than five (5) years; or

(B)  if he has previously been convicted of a felony, or has, possesses, bears, transports, carries or has under his proximate control, any such weapon during the commission or attempted commission of a crime of violence (as defined in section 2253(d)(1) hereof) shall be fined $10,000 and imprisoned not more than fifteen (15) years, which penalty shall be in addition to the penalty provided for the commission of, or attempt to commit, the crime of violence.

V.I. CODE ANN. tit. 14, § 2251 (1996 & Supp. 2005).

878-79, 30 V.I. 360 (D.V.I. 1994) (interpreting the similar language of section 2253(a) to determine that "commission during crime of violence" was not an element of the crime).

■ Therefore, this Court's instructions to the jury characterizing Possession of a Dangerous Weapon with Intent to Use as a lesser-included offense of Possession of a Dangerous Weapon During the Commission of a Crime of a Violence appear to be in error, at least at first blush. The holding in *Rabess,* however, has been significantly undermined by a subsequent United States Supreme Court opinion. *See Apprendi,* 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348. *Apprendi* requires that, every fact that may form the basis for imposing or increasing punishment must be proved beyond a reasonable doubt. 530 U.S. at 512. Proof beyond a reasonable doubt in criminal prosecutions is the touchstone for the protection afforded by the United States Constitution. *In re Winship,* 397 U.S. 358, 362-63, 25 L. Ed. 2d 368, 90 S. Ct. 1068, 1071-72 (1970). This standard applies as much to the well established premise that a criminal defendant must be found guilty by a jury of all elements as it does to the proof of sentence enhancing factors, such as the one at bar. *See Apprendi,* 530 U.S. at 477, 490. The Supreme Court further explained this standard in suggesting that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. This sweeping break with precedent does come with a conciliatory reassurance for trial courts; *Apprendi* does not in any way limit a judge's discretion to impose a sentence within the limits prescribed by the offense through the consideration of mitigating or aggravating factors. *Id.* at 519.

■ To the extent that *Rabess* suggests sentencing enhancement provisions, including the determination of whether the possession of a dangerous weapon occurred during the commission of a crime of violence, are merely sentencing factors and not elements to be submitted to the jury, that distinction is no longer meaningful. After *Apprendi,* both the commonly accepted elements and sentence enhancing factors of the offense, other than prior convictions, must be proved beyond a reasonable doubt to a trier of fact, the jury.

The jury instructions concerning the purported primary and lesser-included offenses of section 2251(a)(2) of title 14 of the Virgin Islands Code, were proposed by the Government. The Defendant failed to object

to either the Government's proposed instruction or the Court's adaptation of that instruction. Jury instructions not challenged at trial are reviewed for plain error. *Rabess*, 868 F. Supp. at 779; FED. R. CRIM. P. 52(b). The overturning of a verdict based on plain error is only warranted when failing to do so would amount to manifest injustice. *Rabess*, 868 F. Supp. at 779 (citations omitted). In this case, submitting the determination of the sentencing factor, whether Gonzalves possessed a dangerous or deadly weapon during the commission of a crime of violence, as an essential element, though technically a mischaracterization, does not rise to the level of plain error.

Since *Apprendi,* courts in the Virgin Islands are required to submit the determination of most sentence enhancements to the jury. This determination, though improperly characterized as an essential element, was properly before the jury. Therefore, instructing the jury to determine whether the Defendant possessed a dangerous weapon during the commission of a crime of violence does not amount to manifest injustice. It is an inquiry that jurors were required to make after *Apprendi* and thus it was merely harmless error. *See* FED. R. CRIM. P. 52(a). Whether the jury did so correctly, however, is an entirely separate matter.

## B. Evidentiary Support for Jury's Verdict on Count II

Count I of the Information charged Gonzalves with Assault in the Third Degree. Assault in the Third Degree is a "crime of violence" as defined in section 451(e) of title 23 of the Virgin Islands Code. V.I. CODE ANN. tit. 23, § 451(e) (1993).[7] A conviction of the primary offense of Count I would have been the only basis for the jury to determine that Defendant committed a crime of violence as the predicate for the sentence enhancement contained in Count II.[8] Simple Assault and

---

[7] The statute provides, in relevant part,

(e) "Crime of violence" means the crime of, or the attempt to commit, murder in any degree, voluntary manslaughter, rape, arson, discharging or aiming firearms, mayhem, kidnapping, assault in the first degree, assault in the second degree, assault in the third degree, robbery, burglary, unlawful entry or larceny.

V.I. CODE ANN. tit. 23, § 451 (1993 & Supp. 2005).
[8] The instructions concerning the commission of a crime of violence implicitly suggest that the only crime of violence before the jury was Assault in the Third Degree. *See* instruction excerpt in note 4. The jurors were also informed that, "Assault in the Third Degree is a crime of violence, as a matter of law." (Jury Instructions at 32.)

Battery, to the contrary, is not among the enumerated crimes of violence in the Code, nor can it be reasonably inferred to fall within one of the crimes listed therein based on a common law understanding of the terms. *See generally, Gov't of the Virgin Islands v. Douglass,* 812 F.2d 822, 827-28 (3d Cir. 1987) (concluding that forcible sodomy was subsumed within the term "rape" and thus should be considered a crime of violence). The fact that other gradations of assault are listed in section 451(e) also tends to exclude simple assault by implication. 2A NORMAN J. SINGER, SUTHERLAND STAT. CONST. § 47.23 at 316-17 (6th ed. 2000) ("when the legislature expresses things though lists, the court assumes that what is not listed is excluded"). Thus, the guilty verdict on the crime of Possession of Dangerous Weapon During the Commission of a Crime of Violence must be questioned.

■ By finding Defendant not guilty of the only potential predicate crime of violence before it, the jury necessarily had insufficient evidence to conclude beyond a reasonable doubt that Defendant possessed a dangerous or deadly weapon *during the commission of a crime of violence,* the sentence-enhancing factor at issue. Given the jury's verdict as to Count I, finding the Defendant not guilty of Assault in the Third Degree, no reasonable juror could accept the evidence as sufficient to find that the Defendant was guilty of Possession of a Dangerous Weapon During the Commission of a Crime of Violence. Even so, acquittal is not warranted.

The savings construction employed by the Third Circuit regarding convictions of primary offenses unsupported by the evidence in favor of lesser-included offenses is instructive for this case. *See Government of Virgin Islands v. Brown,* 685 F.2d 834, 841-42 (3d Cir. 1982). The rationale in *Brown* was the following: "[w]hen the evidence is insufficient to support the greater offense, but sufficient to support a conviction on the lesser-included offense, [a reviewing] court may vacate the sentence and remand for entry of judgment of conviction and resentencing under the lesser-included offense." *Id.* (citations omitted). The Court sees no reason to apply a different procedure because these issues are raised on a post-trial motion instead of on appeal. Similarly, because after *Apprendi* sentence enhancements other than prior convictions and elements must both be proved beyond a reasonable doubt to a trier of fact, the fact that *Brown* dealt with primary and lesser-included offenses, instead of sentencing enhancements, does not preclude

156

the application of its rationale here. Under *Brown,* a reviewing court should preserve the findings of the trier of fact, to the extent possible. *See Brown,* 685 F.2d at 841-42.

As an example of the Third Circuit's saving construction relating to a penalty provision, this Court considers *Government of the Virgin Islands v. Charles,* 16 V.I. 52, 590 F.2d 82 (3d Cir. 1979). In *Charles,* the jury convicted the defendant under section 2251(a)(2)(B), but did not convict the defendant of a predicate crime of violence as defined by section 451(e) of title 23 of the Virgin Islands Code.[9] *Id.* at 57, 590 F.2d at 84. In reconciling the jury's determinations, the Third Circuit did not reverse the defendant's conviction, but rather, remanded for sentencing under section 2251(a)(2)(A). *Id.* at 58, 590 F.2d at 85. The court in *Charles* reasoned that the jury, by convicting the defendant of Possession of a Dangerous Weapon During the Commission of a Crime of Violence, necessarily would have determined that the defendant possessed a dangerous weapon with intent to use it against another, the actual offense. *Id.* In the case before this Court, the jury verdict on Count II can be similarly interpreted.

A review of the evidence in this case, especially in light of the inferences that must be drawn in the government's favor, indicates that the Court cannot cast aside the verdict in its entirety. To convict the Defendant on Count II, the jury must have credited the victim's testimony regarding the Defendant's possession of a metal object with an intent to use it against him. Specifically, the victim, Larry Williams, testified that the Defendant struck him on his forehead with a metal object which he described as a chrome and black handgun. The victim further testified that before the Defendant struck him, Defendant reached into his back pants' pocket and retrieved a gun. Finally, the victim testified that he was familiar with the handgun that Defendant struck him with since he had seen the gun at the Defendant's house on several prior occasions. In accordance with *Charles,* this Court finds that the jury verdict supports the Defendant's conviction for the underlying offense

---

[9] The Third Circuit reviewed the defendant's convictions for (1) Assault Which Inflicts Serious Bodily Injury under section 297(4) title 14 of the Virgin Islands Code and (2) Possession of a Dangerous Weapon During the Commission of a Crime of Violence. Although the offense in *Charles* was assault in the third degree, at the time, such assault was not considered a crime of violence by statute.

contained in section 2251(a)(2), Possession of a Dangerous Weapon with Intent to Use.

Despite the *Charles* result, however, this Court is not limited to sentencing the Defendant under section 2251(a)(2)(A). Whereas in *Charles,* neither of the factual predicates[10] was satisfied for the purposes of sentencing, this is not the case here. The Defendant has a prior felony conviction. He was convicted of Assault in the Third Degree, a violation of section 297(4) of title 14 of the Virgin Islands Code in 1991. This would have sufficed to trigger the sentence enhancement, if properly proffered by the Government. Prior felony convictions, unlike the factual determination of possession during the commission of a crime of violence, need not be proved beyond a reasonable doubt to the satisfaction of a jury.

The *Apprendi* opinion tacitly considers and sanctions such a result. *Apprendi,* 530 U.S. at 488, 120 S. Ct. at 2362 (referencing *Jones v. United States,* 526 U.S. 227, 143 L. Ed. 2d 311, 119 S. Ct. 1215 (1999) and *Almendarez-Torres v. United States,* 523 U.S. 224, 140 L. Ed. 2d 350, 118 S. Ct. 1219 (1998)). In recognizing a litany of reasons for affording a defendant's prior felony conviction special treatment, the *Apprendi* opinion supports the use of the Defendant's prior conviction here despite the Court, as opposed to the jury, being the arbiter. This is because the mere mention of a previous substantive criminal offense to a jury runs the risk of unfairly prejudicing the Defendant. *Almendarez-Torres,* 523 U.S. at 235, 118 S. Ct. at 1226. This danger of unfair prejudice extends to even a situation where a defendant stipulates to the previous conviction. *Id.* Furthermore, there are additional procedural safeguards that militate in favor of an exception in these circumstances. The virtual certainty of fact that a prior conviction exists and the common failure to contest that existence by defendants supports the allowance for a judge to determine the proof of this type of sentence enhancement. *Id.* Consequently, had the Government proffered the previous felony conviction, this Court could have sentenced Gary Gonzalves under section 2251(a)(2)(B).

---

[10]   Under section 2251(a)(2)(B), a defendant may be sentenced to the more significant penalty upon a finding of either a reasonable determination by the jury that the defendant possessed the weapon during the commission of a crime of violence or the government's proffer of the defendant's previous felony conviction to the satisfaction of the court. 14 V.I.C. § 2251(a)(2)(B).

## IV. CONCLUSION

■ The Court mistakenly instructed the jury to consider the purported possession of a dangerous weapon during the commission of a crime of violence as an essential element of the crime. Such error was harmless, however, especially in light of the requirement that sentence-enhancing factors, except the existence of prior convictions, be submitted to the jury for consideration after *Apprendi*. *Apprendi's* reasoning also permits that, depending on the procedural safeguards of his prior conviction, the Defendant could be sentenced under section 2251, subsections (a)(2)(A) or (a)(2)(B). Even without the prior conviction, however, Defendant may be properly sentenced under section 2251(a)(2)(A) in accordance with *Charles*.